2000 UT 96

**Gary W. PENDLETON, Plaintiff and Appellee,**

v.

**UTAH STATE BAR, a Utah corporation, Charles A. Gruber, and John Does, I through V, Defendants and Appellants.**

**No. 990596.**

Supreme Court of Utah.

Dec. 5, 2000.

386 N.Y.S.2d 564, 352 N.E.2d 868, 871–72    (1976).

Gary W. Pendleton, pro se.

Gregory J. Sanders, Salt Lake City, for defendants.

WILKINS, Justice:

¶ 1 Defendants filed this interlocutory appeal from the district court's ruling denying their motion to dismiss plaintiff's defamation action. We reverse.

## BACKGROUND

¶ 2 This case arises out of an article published in the March 1998 edition of the Utah Bar Journal. The article, contained in the "Discipline Corner" section of the journal, announced plaintiff's interim suspension from the practice of law. The article also detailed the circumstances surrounding plaintiff's suspension. The article described in depth plaintiff's violations of the Rules of Professional Responsibility for which the suspension order was sought. In his complaint, plaintiff alleged that he was defamed by the Utah State Bar (the Bar), Charles A. Gruber, a prosecutor in the Office of Professional Conduct, and other persons, whose identities are unknown to plaintiff, who participated in the authorship of the article.

¶ 3 Plaintiff's complaint alleged that defendants defamed him in the published article by knowingly "paint[ing] a false picture of the events of the suspension hearing." However, the sources of information for the article were purportedly the district court hearing on the petition for interim suspension and the order granting the petition. Consequently, defendants moved the district court to dismiss plaintiff's action, claiming that they were "absolutely immune from the alleged liability and that the alleged [defamatory] statements ... were privileged as a matter of law."

¶ 4 The district court denied defendants' motion, concluding that, even if defendants had immunity to publish the *results* of plaintiff's disciplinary proceedings, they did not enjoy immunity to publish the broad range of details contained in the article. The district court also found that the allegedly defamatory statements in the article that described the details and circumstances surrounding the suspension were not privileged because disciplinary proceedings are not conducted in the Utah Bar Journal. Therefore, the alleged defamatory statements were made outside the scope of the disciplinary proceedings and were not privileged. Defendants appeal.

## STANDARD OF REVIEW

¶ 5 We review the district court's denial of defendants' motion to dismiss for correctness, granting no deference to the district court's ruling. *See Cruz v. Middlekauff Lincoln–Mercury, Inc.*, 909 P.2d 1252, 1253 (Utah 1996) ("The propriety of a trial court's decision to grant or deny a motion to dismiss under rule 12(b)(6) is a question of law that we review for correctness."). We also "accept the factual allegations in the complaint as true and draw all reasonable inferences from those facts in a light most favorable to plaintiff[ ]." *Id.*

## ANALYSIS

¶ 6 The factual allegations in plaintiff's complaint are as follows: The Utah Bar Journal is a monthly periodical published by the Bar and is distributed, without subscription, to all active members of the Bar and to members of the Legal Assistant Association of Utah. The Bar, through its Office of Professional Conduct and members of its staff, defamed plaintiff by publishing an article in the bar journal that was "purportedly an account of the proceedings of plaintiff's suspension hearing," but was not limited to the facts found by the district court in the memorandum decision ordering plaintiff's interim

suspension. We accept these allegations as true for purposes of our review.

¶ 7 On appeal, defendants argue that the district court erred in refusing to grant their motion to dismiss because the immunity granted by rule 13 of the Rules of Lawyer Discipline and Disability (RLDD) bars plaintiff's action. At the time the article was published, rule 13 read:

> Participants in proceedings conducted under these rules shall be entitled to the same protections for statements made in the course of the proceedings as participants in judicial proceedings. The district courts, Committee members, and disciplinary counsel and staff shall be immune from suit, except as provided in Utah Rules of Civil Procedure 65A and 65B, for any conduct in the course of their official duties.[1]

RLDD 13. This rule grants immunity in two circumstances. First, participants in attorney disciplinary proceedings are granted the same protection given to participants in judicial proceedings for statements made in the course of those proceedings. Second, immunity is given to district courts, committee members, and senior counsel and staff for any conduct in the course of their official duties, except as provided in Rules 65A and 65B of the Rules of Civil Procedure, exceptions not applicable here. Defendants claim that they are protected under both of these grants of immunity, and that plaintiff's action should be dismissed.

¶ 8 We conclude the latter ground is dispositive. Under this grant of immunity, defendants were acting within the course of their official duties when they published the article, and they are therefore immune from suit for the reasons that follow.

■ ¶ 9 The Utah Constitution grants exclusive power to this court to "govern the practice of law, including admission to practice law and the conduct and discipline of persons admitted to practice law . . . ." Utah Const. art. VIII, § 4. Pursuant to this authority, the court has promulgated and adopted the Rules of Professional Conduct, to which attorneys admitted to the bar of this state are required to conform their conduct. Violations of the Rules of Professional Conduct are prosecuted by the Utah State Bar through the Office of Professional Conduct (OPC). *See* RLDD 4(b); *see also In re Utah State Bar,* 632 P.2d 845, (Utah 1981) ("Order Amending Rules for Integration and Management of the Utah State Bar"). When the Bar acts to enforce these rules it is acting as an arm of the Supreme Court. *See Bailey v. Utah State Bar,* 846 P.2d 1278, 1281 (Utah 1993).

¶ 10 The Rules of Lawyer Discipline and Disability detail the process and procedures to be followed in attorney disciplinary proceedings. The RLDD also describe the duties and role of the Bar in carrying out these enforcement responsibilities. Rule 4(b) charges the senior counsel of the OPC with performing all prosecutorial functions and lists the powers and duties of the senior counsel and staff. Specifically, under subsection (13), the senior counsel and staff have the duty to:

> [p]rovide informal guidance on issues related to professional conduct to members of the Bar requesting guidance, participate in seminars which will promote ethical conduct by the Bar, formulate diversionary programs, monitor probations, and *disseminate public disciplinary results to the Bar and the public.*

RLDD 4(b)(13) (emphasis added).

¶ 11 In this case, defendants published the article announcing plaintiff's interim suspension in the Bar's official journal for distribution to all active members of the Bar. In doing so, they were acting in the course of their official duty to "disseminate public disciplinary results" as required by rule 4(b)(13). The purpose of this requirement is not only to alert the bench and bar that a particular lawyer's status has been changed or reaffirmed, but also to help educate others as to potentially problematic conduct. The rule is designed to allow relatively unfettered performance of this educational role.

---

1. The current version of rule 13 replaces "disciplinary counsel" with "Senior Counsel" but is otherwise unchanged.

¶ 12 Plaintiff argues that defendants cannot claim immunity under rule 13 because they went beyond their duty to disseminate the *results* of the disciplinary proceedings in publishing the *details surrounding* the interim suspension in the article. We disagree. Even if publishing details of the circumstances surrounding the interim suspension is more than that required by rule 4(b)(13), the *act* of publishing the article was nevertheless within the course of defendants' official duty to provide the members of the Bar with disciplinary results and educate them about improper conduct. The article clearly fulfilled defendants' obligation to disseminate results as it explained how the district court had entered an order of interim suspension after finding that plaintiff had violated the Rules of Professional Conduct and posed a threat of irreparable harm to the public. Publishing the article therefore constituted "any conduct in the course of [defendants'] official duties," and defendants are thus immune from suit under rule 13 of the RLDD.[2]

¶ 13 Although we find that the immunity granted by rule 13 bars plaintiff's defamation action, we emphasize that any grant of immunity carries with it the burden of restraint and good judgment. Because defendants, in fulfilling their responsibilities under the Rules of Lawyer Discipline and Disability, are acting as an arm of this court, they wear our cloak of immunity. Therefore, defendants must exercise great care to set the highest and most noble example of ethics and civility in the discharge of their duties. The district court found that some details published in the extensive article were unnecessary and not contemplated by rule 4(b)(13)'s duty to disseminate disciplinary results. The district court also expressed concern regarding defendants' memoranda and arguments in support of their motion to dismiss.[3] We therefore take this opportunity to reiterate the importance of adhering to the highest standard.

## CONCLUSION

¶ 14 Defendants were acting within the course of their official duties when they published the article and are therefore immune from suit. The district court's order denying defendants motion to dismiss is reversed and the case is remanded for further proceedings consistent with this opinion.

¶ 15 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT concur in Justice WILKINS' opinion.

2. Because we find that defendants published the article in the course of their official duties and are therefore immune from suit under the second grant of immunity in rule 13 of the RLDD, we need not address the first circumstance of immunity under rule 13, namely: Whether or not publishing the article in the Utah Bar Journal constitutes "statements made in the course of the proceedings." We also need not and do not address defendants' arguments that the statements were somehow privileged.

3. Before the district court, defendants argued that they should be immune under rule 13 because rule 16(b) of the RLDD required "notices of suspension, disbarment and transfer to disability status to be published in the Utah Bar Journal and in a newspaper of general circulation." RLDD 16(b). In the order denying defendants' motion to dismiss, the district court correctly explained that defendants' reliance on rule 16 was misplaced, as rule 16(b) imposes the publication requirement on the Administrative Office of the Courts, and not on defendants.