2002 UT 56

**FIRST EQUITY FEDERAL, INC., on its own behalf and on behalf of Aspen Meadows Homeowners Assoc., Plaintiffs and Appellees,**

v.

**PHILLIPS DEVELOPMENT, LC, Peter O. Phillips, Lydia Phillips, Alden B. Turnbow, Larry Andrews, John E. Phillips and Gregory Skabelund, Defendants and Appellants.**

No. 20010417.

Supreme Court of Utah.

June 18, 2002.

Rehearing Denied Aug. 5, 2002.

Graden P. Jackson, Salt Lake City, for plaintiffs.

Michael F. Skolnick, Wendell K. Smith, Salt Lake City, for defendants.

DURRANT, Associate Chief Justice:

¶ 1 This appeal concerns the application of the two-dismissal provision of rule 41(a)(1) of the Utah Rules of Civil Procedure. In two previous actions against the defendants, First Equity Federal, Inc., obtained dismissals of claims identical to the claims set forth in this suit. Specifically, First Equity had earlier filed a notice of dismissal pursuant to rule 41(a)(1) in a state court action and obtained a dismissal pursuant to an ex parte motion to dismiss in a federal court action.

¶ 2 Based on this procedural history, the defendants moved the district court to dismiss the present action, arguing that First Equity had filed a notice of dismissal, or the equivalent of such a dismissal, on two separate occasions and that its suit was precluded by rule 41(a)(1). The district court denied this motion. We affirm because the plain language of rule 41(a)(1) does not extend to motions to dismiss.

## BACKGROUND

¶ 3 When reviewing a district court's denial of a defendant's motion to dismiss, we "accept the factual allegations in the complaint as true and draw all reasonable inferences from those facts in a light most favorable to [the] plaintiff." *Pendleton v. State Bar*, 2000 UT 96, ¶ 5, 16 P.3d 1230 (internal quotation and citation omitted). We recite the facts accordingly.

¶ 4 On August 25, 2000, First Equity filed a complaint in First Judicial District Court against the defendants, alleging several causes of action in connection with two large parcels of real property in Cache County, Utah. First Equity then filed a complaint in federal court raising similar claims against the defendants on September 17, 2000. It did so because one of the defendants, Peter O. Phillips, had filed for bankruptcy and jurisdiction over him was necessary and proper in federal court.

¶ 5 On September 22, 2000, First Equity filed a voluntary notice of dismissal pursuant to rule 41(a)(1) of the Utah Rules of Civil Procedure and thereby dismissed its state court action without prejudice. *See* Utah R. Civ. P. 41(a)(1). On October 25, 2000, the bankruptcy proceeding involving Phillips was dismissed over First Equity's objection, thereby leaving First Equity without a basis for jurisdiction to pursue the claims it had filed against the defendants in federal court. First Equity then filed a motion to have its federal suit remanded to state court on October 30, 2000. One month later, it moved to dismiss its federal suit without prejudice. It did not notify the defendants of these two motions.[1]

¶ 6 Before obtaining a decision on either motion, First Equity returned to First Judicial District Court on December 6, 2000, and

---

1. First Equity conceded this fact at oral argu- ment.

filed a complaint against the defendants. This complaint, which is the basis for the action presently before us, included the same claims as raised previously.

¶ 7 On December 18, 2000, First Equity's ex parte motion to dismiss its federal court action against the defendants was granted. The federal district court that granted this motion later clarified that its order of dismissal resulted from its lack of jurisdiction over First Equity's lawsuit and that the dismissal was without prejudice.

¶ 8 Thereafter, the defendants moved to dismiss the present action on the ground that First Equity had violated the two-dismissal provision of rule 41(a)(1) of the Utah Rules of Civil Procedure. The district court conducted a hearing on this issue on March 26, 2001. It denied the defendants' motion to dismiss in a memorandum opinion issued on April 17, 2001, reasoning, inter alia, that First Equity did "the right thing" in moving to dismiss its federal court claims because the dismissal was necessary.

¶ 9 We granted defendants' petition for an interlocutory appeal pursuant to rule 5 of the Utah Rules of Appellate Procedure on July 18, 2001. *See* Utah R.App. P. 5(a). On appeal, the defendants assert that the district court erred in three respects in denying their motion to dismiss. First, they contend that First Equity filed a notice of dismissal, or the equivalent of such a dismissal (i.e., an ex parte motion to dismiss), on two separate occasions and that its suit is precluded by the two-dismissal provision of Utah Rule of Civil Procedure 41(a)(1). To support this argument, they rely on *Thomas v. Heirs of Braffet*, 6 Utah 2d 57, 305 P.2d 507 (1956), for the proposition that rule 41(a)(1) treats a motion to dismiss the same as a notice of dismissal. Second, they assert that it does not matter what motive First Equity had for requesting the motion to dismiss. Finally, they claim that First Equity was not compelled to dismiss its federal lawsuit because it had other options, such as pursuing its remand motion.

¶ 10 In response, First Equity claims that the federal court's order of dismissal did not qualify as a second notice of dismissal under rule 41(a)(1) of the Utah Rules of Civil Procedure for two reasons. First, it argues that

*Thomas* is distinguishable because the motion to dismiss it filed in its federal lawsuit against the defendants was compulsory, not perfunctory. Specifically, it contends that it was compelled to dismiss its federal lawsuit against the defendants because it would have been a violation of rule 11 to continue with the suit while knowing that the court lacked subject matter jurisdiction. Second, it alleges that the purpose behind rule 41(a)(1) was not violated because the motion to dismiss it filed in federal court was not intended to harass the defendants or abuse the legal system.

## ANALYSIS

### I. STANDARD OF REVIEW

¶ 11 "We review the district court's denial of [the] defendants' motion to dismiss for correctness, granting no deference to the district court's ruling." *Pendleton*, 2000 UT 96 at ¶ 5, 16 P.3d 1230. Where this review requires us to examine a rule of civil procedure, we look to the express language of that procedural rule and to the cases interpreting it. *See First Sec. Bank v. Conlin*, 817 P.2d 298, 299 (Utah 1991). We may affirm the decision rendered below denying the defendants' motion to dismiss on a ground on which the district court did not rely. *See O'Neal v. Div. of Family Servs.*, 821 P.2d 1139, 1141 (Utah 1991). Indeed, it is well established that an appellate court may affirm the judgment appealed from

> if it is sustainable on any legal ground or theory apparent on the record, even though such ground or theory differs from that stated by the trial court to be the basis of its ruling or action, and this is true even though such ground or theory is not urged or argued on appeal by appellee, was not raised in the lower court, and was not considered or passed on by the lower court.

*Dipoma v. McPhie*, 2001 UT 61, ¶ 18, 29 P.3d 1225 (quoting *Limb v. Federated Milk Producers Ass'n*, 23 Utah 2d 222, 225–26 n. 2, 461 P.2d 290 (Utah 1969) (citation and emphasis omitted)).

## II. THE PLAIN LANGUAGE OF RULE 41(a)(1) OF THE UTAH RULES OF CIVIL PROCEDURE DOES NOT EXTEND TO MOTIONS TO DISMISS

¶ 12 The defendants argue that this lawsuit is barred by the two-dismissal provision of rule 41(a)(1) of the Utah Rules of Civil Procedure. We disagree.

¶ 13 According to the express language of rule 41(a)(1) of the Utah Rules of Civil Procedure, a "notice of dismissal" regarding a claim that has previously been dismissed "operates as an adjudication upon the merits" with respect to that claim. Utah R. Civ. P. 41(a)(1). In fact, rule 41(a)(1) declares that

an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or other response to the complaint permitted under these rules. *Unless otherwise stated in the notice of dismissal, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*

*Id.* (emphasis added).

 ¶ 14 Here, it is undisputed that the claims raised by First Equity in its federal court action against the defendants had been voluntarily dismissed in a prior state court proceeding. It is also undisputed that First Equity's federal court action was dismissed as a result of an ex parte motion to dismiss.[2] Accordingly, in order to determine whether First Equity's suit is precluded by the two-dismissal rule, we must ascertain whether a motion to dismiss qualifies as a notice of dismissal under rule 41(a)(1).

2. We note that defendant Skabelund was identified as a "John Doe" in both the state court proceeding and the federal court action. Whether this prevents him from taking advantage of the dismissals in those cases is an issue we leave unaddressed, however, because we resolve the appeal on a separate ground.

3. In so doing, we note that in order to overturn prior precedent of this Court, an appealing party must demonstrate "that the rule was originally

¶ 15 Relying on *Thomas v. Heirs of Braffet,* 6 Utah 2d 57, 305 P.2d 507 (1956), the defendants assert that the ex parte motion to dismiss filed by First Equity in its federal lawsuit against them constituted a second notice of dismissal. In *Thomas,* this Court refused to draw a distinction between a notice of dismissal and a "perfunctory" motion to dismiss, stating that "[w]hether the plaintiff proceeds merely by filing *a notice of dismissal, or has the court sign an order, it is an ex parte dismissal without notice to the other side." Id.* at 513 (emphasis added). In explaining its decision, the *Thomas* court reasoned that a perfunctory motion to dismiss was indistinguishable from a notice of dismissal "because the usual practice in this State is to present an order of dismissal for the judge to sign, which he does as a matter of course where there has been no appearance on the other side." *Id.* Thus, *Thomas* clearly expanded the meaning of a notice of dismissal to include a perfunctory, or ex parte, motion to dismiss.

 ¶ 16 We disagree with such an expansive interpretation of rule 41(a)(1) of the Utah Rules of Civil Procedure, however, and now overrule *Thomas.*[3] We do so because the plain language of that rule demonstrates that it does not apply to all types of dismissals. Instead, it refers exclusively to notices of dismissal. Indeed, without mentioning motions to dismiss or any other dismissal procedure, rule 41(a)(1) explicitly declares that "an action may be dismissed by the plaintiff without order of the court by filing a *notice of dismissal* " and that "[u]nless otherwise stated, the dismissal is without prejudice, except that a *notice of dismissal* operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed [the same claim]." Utah R. Civ. P. 41(a)(1) (emphasis added). We therefore construe

erroneous or is no longer sound because of changing conditions and that more good than harm will come by departing from [the previous rule]." *State v. Menzies,* 889 P.2d 393, 399 (Utah 1994) (internal quotations and citation omitted). We further note that this burden has been satisfied in the present case because the original rule was erroneous and has harsh consequences that militate against enforcing it now and in the future.

rule 41(a)(1) to mean exactly what it says and hold that its language does not apply to motions to dismiss.[4]

¶ 17 Our decision to strictly construe rule 41(a)(1) and limit its application to notices of dismissal is supported by three factors. First, the rule has a harsh effect on claims previously dismissed by a party. In particular, a violation of rule 41(a)(1) "operates as an adjudication upon the merits" and precludes a suit from going forward. Utah R. Civ. P. 41(a)(1). It is therefore a dispositive procedural rule and should be applied narrowly. Cf. Guar. Mortgage Co. v. Wilcox, 62 Utah 184, 193–94, 218 .P. 133 (1923) (noting that the drastic penalties of the "Blue Sky Law" required it be interpreted strictly).

¶ 18 Second, a broad application of the two-dismissal rule is not warranted because its underlying purpose is less than compelling. As we noted in Thomas, the ostensible purpose behind the two-dismissal rule is "to prevent vexatious suits and delays in litigation by repetitious filings and dismissals." 305 P.2d at 513. In our view, however, multiple notices of dismissal seem an ineffective and unlikely tool for harassing a defendant who has not appeared or supplied an answer. Even the Thomas court was troubled by rule 41(a)(1)'s apparent rationale, noting that "[o]ne may wonder how such dismissals could vex or annoy a defendant who had not appeared or whether the rule is good or bad in its overall effect." Id.

¶ 19 Finally, even if we accept the Thomas court's conclusion as to the purpose behind the rule, the threat of harassment is reduced in the context of a motion to dismiss because such motions require court involvement. Indeed, rule 41(a)(2) of the Utah Rules of Civil Procedure states that "[u]nless the plaintiff ... files a notice of dismissal under [41(a)(1) ], an action may only be dismissed at the request of the plaintiff on order of the court based ... on ... a stipulation of all of the parties who have appeared in the action[ ] or ... upon such terms and conditions as the court deems proper."[5] Utah R.. Civ. P. 41(a)(2)(i)-(ii). Accordingly, there is no compelling reason to extend rule 41(a)(1) to include motions to dismiss.

¶ 20 We therefore overrule Thomas to the extent that it held a motion to dismiss qualifies as a notice of dismissal under rule 41(a)(1) of the Utah Rules of Civil Procedure.

## III. RULE 41(a)(1) OF THE UTAH RULES OF CIVIL PROCEDURE HAS NO EFFECT ON THE PRESENT LAWSUIT

¶ 21 Because a motion to dismiss does not constitute a notice of dismissal under our ruling today, First Equity did not file a notice of dismissal and then the equivalent of a notice of dismissal as the defendants assert; rather, it filed a notice of dismissal followed by a motion to dismiss. Accordingly, rule 41(a)(1) is inapplicable to the situation at bar, and the district court, although relying on a different rationale, correctly denied the defendants' motion.

---

4. Justice Howe asserts that by taking this action we make a "mockery" of rule 41(a)(1). Specifically, he argues that there is no basic difference between a "notice of dismissal" and an ex parte motion to dismiss because "[b]oth are done without notice to the opposing parties." Based on this reasoning, he contends both types of dismissals should be treated similarly. We disagree.

There is at least one important substantive difference between a "notice of dismissal" and an ex parte motion to dismiss. Whereas a "notice of dismissal" becomes effective the moment it is filed, see Utah R. Civ. P. 41(a)(1) (declaring that "an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal"), an ex parte motion to dismiss becomes effective only after it is granted by the district court. Hence, judicial involvement is required in one situation, but not the other. This distinc-

tion is significant in that judicial involvement reduces any potential for harassment that may exist. The distinction between the two types of dismissals therefore transcends the captions attached to the pleadings. Accordingly, .the two forms of dismissal are inherently different. Regardless, the plain language of rule 41(a)(1) applies only to a "notice of dismissal." Id.

5. We note that the federal courts have a rule of procedure that is almost identical to our own rule. See Fed.R.Civ.P. 41(a)(1)-(2) (stating that in the absence of a notice of dismissal or .a stipulation by the parties, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper").

## CONCLUSION

¶ 22 The two-dismissal provision of rule 41(a)(1) of the Utah Rules of Civil Procedure does not extend to motions to dismiss. Consequently, rule 41(a)(1) has no application to the present case because First Equity filed a motion to dismiss its federal court action, not a notice of dismissal. We therefore affirm the district court's denial of the defendants' motion to dismiss.

¶ 23 Chief Justice Durham, Justice Russon, and Justice Wilkins concur in Associate Chief Justice Durrant's opinion.

HOWE, Justice, concurring in result.

¶ 24 I concur in the result but for reasons other than those expressed by Associate Chief Justice Durrant. A plaintiff should not be able to escape the consequences of rule 41(a)(1) by going outside the rule and voluntarily obtaining a dismissal by a motion and order rather than by following the procedure prescribed by the rule, which is to do it by a notice of dismissal. To allow such maneuvering is to undercut our own rule and make a mockery of it.

¶ 25 There is no basic difference between the two methods. Both are done without notice to the opposing parties. One method entitles the pleading "notice of dismissal." The other method uses the caption "motion for dismissal," but the motion is ex parte. We have always looked beyond the caption placed on pleadings and instead focused on the intent of the pleader. In *Watkiss & Campbell v. Foa & Son*, 808 P.2d 1061, 1063–64 n. 11 (Utah 1991), this court treated an "exception to order and motion for reconsideration of summary judgment" as simply a motion for a new trial. Similarly, in *Howard v. Howard*, 11 Utah 2d 149, 153, 356 P.2d 275, 277 (1960), we looked beyond the caption of a "notice of intention to move for a new trial" and held that it was, in fact, a motion for a new trial. In the instant case, an ex parte motion for voluntary dismissal is the equivalent of a notice of voluntary dismissal under rule 41(a)(1). The order signed by the judge granting the motion for voluntary dismissal should be disregarded by us as surplusage. Therefore, I believe this court made a sound decision in *Thomas v. Heirs of*

*Braffet*, 6 Utah 2d 57, 65–6, 305 P.2d 507, 513 (1956), where we held that regardless of which method is used to obtain a voluntary dismissal, the same consequence follows under rule 41(a). I would not overrule that case.

¶ 26 However, in the instant case, there have not been two *voluntary* dismissals. Dismissal of the federal action came after the bankruptcy of one of the defendants was dismissed over First Equity's objection. That left the federal district court without jurisdiction over First Equity's action, and First Equity properly dismissed it. However, rule 41(a)(1) imposes its penalty only where a plaintiff twice *voluntarily* dismisses an action based on or including the same claim. This dismissal of the federal action was required when the court lost jurisdiction. As the trial court correctly observed, counsel for First Equity "did the right thing" in dismissing its action once jurisdiction was lost. Otherwise, counsel would be subject to sanctions imposed by rule 11. Thus, the dismissal of the federal action was a compelled dismissal, not voluntary, and the penalty of rule 41(a)(1) does not apply.