# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 06-1124

DENNIS E. MURRAY, SR. and JAMES D. MASSEY,

*Plaintiffs-Appellants,*

*v.*

CONSECO, INCORPORATED and CONSECO SERVICES, L.L.C.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 03 C 1701—**Larry J. McKinney**, *Chief Judge.*

ARGUED SEPTEMBER 13, 2006—DECIDED OCTOBER 25, 2006

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

BAUER, *Circuit Judge.* Dennis E. Murray and James D. Massey filed a declaratory judgment action against Conseco, Incorporated and Conseco Services, L.L.C., alleging fraud and various violations of securities, banking, and tying laws. The defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and also questioned the court's subject matter jurisdiction. The plaintiffs then filed a "notice of consent to dismiss" conceding that the court lacked jurisdiction. The district court granted defendants' motion to dismiss based on lack of subject matter jurisdiction without prejudice. The defendants filed a motion for

reconsideration, arguing that pursuant to the two-dismissal rule of Fed. R. Civ. P. 41 the dismissal should be with prejudice. The district court granted this motion, which is the subject of this appeal. We vacate and remand.

## I. Background

On October 9, 2003, Dennis E. Murray and James D. Massey filed suit against Conseco, Incorporated, Conseco Services, L.L.C., Merrill Lynch & Co., Inc., Price-WaterhouseCoopers, LLP, Bank of America, N.A., and JP Morgan Chase Bank. Plaintiffs invoked 28 U.S.C. § 1331 as the basis for federal subject matter jurisdiction. On November 14, 2003, plaintiffs filed a voluntary notice of dismissal under Fed. R. Civ. P. 41(a).

On the same day, plaintiffs filed the instant action against only Conseco, Incorporated and Conseco Services, L.L.C. ("Conseco Entities"). On May 16, 2005, plaintiffs were granted leave to file a first amended complaint. This amended complaint contained nine counts: (1) declaratory judgment due to change in control; (2) declaratory judgment for indemnity; (3) declaratory judgment to require exhaustion of other remedies; (4) declaratory judgment and rescission due to violation of regulation U; (5) rescission and damages due to prohibited tying; (6) declaratory judgment for indemnity based on conditional releases; (7) state securities claim under Indiana Code §§ 23-2-1-12 and 23-2-1-19; (8) common law fraud; and, (9) federal securities claim under 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5. Like its predecessors, the first amended complaint asserted 28 U.S.C. § 1331 as the basis for jurisdiction.

On July 15, 2005, Conseco Entities moved to dismiss the first amended complaint with prejudice under Fed. R. Civ. P. 12(b)(6). In Conseco Entities' motion, they questioned the court's subject matter jurisdiction.

On September 22, 2005, plaintiffs filed a "notice of consent to dismiss first amended complaint" in which they conceded that the district court lacked subject matter jurisdiction. The notice stated:

Defendants contend that pursuant to the well-pleaded complaint rule, there is no federal question jurisdiction and accordingly, the First Amended Complaint should be dismissed for lack of subject matter jurisdiction. (Defts. Mem. in Support of Mot. to Dismiss, pp. 9-11). After considering the authorities on which defendants rely, plaintiffs agree that the well-pleaded complaint rule precludes finding federal question jurisdiction and accordingly, plaintiffs consent to dismissal of their First Amended Complaint for lack of federal subject matter jurisdiction.

Simultaneously with the filing of this notice, plaintiff Dennis Murray is filing a motion for leave to file Plaintiff's Second Amended Complaint in which federal jurisdiction is asserted for the first time on diversity grounds. Murray is a citizen of Ohio and defendants have their principal places of business in Indiana. Since James Massey is a citizen of Indiana, there is no diversity as to Mr. Massey and his claims will need to be resolved in a state court proceeding.

Also on September 22, 2005, plaintiff Murray filed a motion for leave to file a second amended complaint in which he brought the same claims as those he filed in the original complaint, however, upon the basis of diversity jurisdiction rather than federal subject matter jurisdiction. On September 26, 2005, Conseco Entities filed an opposition to plaintiffs' motion for leave to file a second amended complaint. In this motion, Conseco Entities asked the district court to dismiss the case with prejudice, arguing that plaintiffs' "notice of consent to dismiss first amended complaint" was a voluntary dismissal subject to the two-dismissal rule set forth in Fed. R. Civ. P. 41(a)(1).

On October 13, 2005, the district court granted Conseco Entities' motion to dismiss without prejudice. On October 17, 2005, Conseco Entities filed a motion for reconsideration arguing that the court should dismiss the case with prejudice because the court, in fact, had subject matter jurisdiction, and alternatively, the two-dismissal rule operated irrespective of whether subject matter jurisdiction existed.

On December 13, 2005, the district court again determined that the court lacked subject matter jurisdiction and now concluded that the dismissal triggered the two-dismissal rule of Rule 41(a)(1). In its decision, the court agreed with Conseco Entities that Rule 41(a)(1) operated regardless of whether the court has jurisdiction and then dismissed the case with prejudice. Plaintiffs appeal this decision.

## II. Discussion

### A.   Rule 41(a)

Plaintiffs argue that the district court erred in finding that plaintiffs' "notice of consent to dismiss first amended complaint" was a voluntary dismissal. We agree.

Fed. R. Civ. P. 41(a) provides that,

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of

any state an action based on or including the same claim.

The plain language of Rule 41(a)(1) limits voluntary dismissals to documents filed before service of an answer or motion for summary judgment, or to stipulations of dismissal signed by all parties. Here, Rule 41(a)(1) is not implicated because the motion was filed after the answer and was not signed by all parties.

Further, plaintiffs' notice was filed in response to an issue first raised in defendants' motion to dismiss, that the well-pleaded complaint rule would prevent a finding of federal question jurisdiction over plaintiffs' claims. In so doing, plaintiffs "consented" to the court's dismissal of its first amended complaint for lack of subject matter jurisdiction. When a plaintiff alerts the court that it lacks jurisdiction to hear his case, he is not necessarily invoking Rule 41(a)(1). While a plaintiff can choose at his discretion to file a Rule 41(a)(1) notice of dismissal, he is duty-bound to inform the district court of jurisdictional problems. *See BEM I, L.L.C. v. Anthopologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) (noting that "lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress"). The district court, having been made aware that it lacks jurisdiction, is then required to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). We conclude that there was no voluntary dismissal and, as such, the two-dismissal rule is not implicated in this case.

B.   Subject Matter Jurisdiction

The district court held that it lacked subject matter jurisdiction over the first amended complaint, yet dismissed the case with prejudice. Plaintiffs argue that this ruling was in error. We agree. A dismissal for lack of subject matter jurisdiction is not on the merits. *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983); *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004). "'No jurisdiction' and 'with prejudice' are mutually exclusive." *Frederickson v. City of Lockport*, 384 F.3d at 438. A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice. *Id.*

## III. Conclusion

For the foregoing reasons, we vacate the district court's dismissal with prejudice and the entry of judgment in favor of defendants and remand with instructions to enter a dismissal of the first amended complaint without prejudice for lack of subject matter jurisdiction and to again grant plaintiffs' motion for leave to file a second amended complaint based on diversity jurisdiction.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*