2008 UT App 333

**Dean WALL, Petitioner,**

v.

**Honorable John R. MORRIS, Respondent.**

**No. 20080636–CA.**

Court of Appeals of Utah.

Sept. 11, 2008.

Dean Wall, Kaysville, Petitioner Pro Se.

Brent M. Johnson, Salt Lake City, for Respondent.

Before Judges Greenwood, Thorne, and Orme.

## MEMORANDUM DECISION

**PER CURIAM:**

¶ 1 This matter is before the court on Dean Wall's Motion for Consideration. This court construes Wall's motion as a petition for extraordinary relief. Wall appears to seek relief in the nature of mandamus, requesting this court to compel the district court to grant his application for a waiver of fees in the underlying case styled *Dean Wall v. James Collings*, Case No. 080700250.

¶ 2 Wall's petition asserts that his application for a waiver of fees was improperly denied because his income is derived only from government assistance. However, even where a petitioner has shown an abuse of discretion, relief may be denied.[1] *See State v. Barrett*, 2005 UT 88, ¶ 24, 127 P.3d 682. Establishing a lower court error makes relief available to a petitioner but does not entitle the petitioner to such relief. *See id.* Instead, a reviewing court must consider various factors to determine whether relief is warranted, such as the egregiousness of the error, the significance of the legal issue, and the consequences of the error. *See id.* Ultimately, relief may be granted "only for special and important reasons." *Id.*

---

1. Based on the record, it appears that the trial court may have abused its discretion in denying the waiver. Wall receives food stamps, SSI, and Medicaid, and appears to subsist at or near a poverty level. If the information provided is accurate, Wall appears to be impecunious and entitled to proceed in forma pauperis.

¶ 3 Here, the consequences of any error in denying the waiver of fees are such that relief is not warranted. From the record it is clear that the underlying case would have been dismissed on other grounds even if the court had granted the waiver. The defendants below filed a motion to dismiss, asserting that the statute of limitations had run. Wall did not file a response. The matter was submitted for decision to the trial court. Although the trial court dismissed the action for failure to pay fees, dismissal could just as readily have been premised on statute of limitations grounds. Borrowing the logic from the line of cases holding that we can affirm on any ground apparent in the record, *see, e.g., First Equity Fed., Inc. v. Phillips Dev., LC*, 2002 UT 56, ¶ 11, 52 P.3d 1137, we decline to order extraordinary relief where the lower court's ultimate decision was sound, even if its rationale was flawed.

¶ 4 Accordingly, the petition for extraordinary relief is denied.

WILLIAM A. THORNE, JR., Associate Presiding Judge, and GREGORY K. ORME, Judge, concur.