**2016 UT App 132**

## THE UTAH COURT OF APPEALS

YKNOT GLOBAL LIMITED,
Appellant,
*v.*
STELLIA LIMITED, KENNETH CASSAR,
AND DOMINIC TAMPONE,
Appellees.

Opinion
No. 20140313-CA
Filed June 23, 2016

Third District Court, Salt Lake Department
The Honorable Andrew H. Stone
No. 130901334

Jeffrey J. Steele and Justin R. Baer, Attorneys
for Appellant

Eric K. Schnibbe and David Paul Steiner, Attorneys
for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGE GREGORY K. ORME and SENIOR JUDGE RUSSELL W. BENCH
concurred.[1]

VOROS, Judge:

¶1      This is one of two appeals arising from a business dispute
between two companies, Yknot Global Limited and Stellia
Limited. In this appeal, Yknot asserts that the district court erred
by refusing to set aside its second voluntary dismissal under rule
60(b)(6) of the Utah Rules of Civil Procedure. We affirm.

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

BACKGROUND

¶2    Yknot, organized in the United Kingdom and based in Salt Lake County, sells various products online. Stellia, organized and based in Malta, provides electronic credit card processing services to online sellers—including, for a time, Yknot. At some point a dispute arose between the two companies; the nature of that dispute does not bear on the questions presented on appeal.

¶3    This appeal involves three claims filed by Yknot (and related individuals) against Stellia (and related individuals): first, a complaint filed in federal district court; second, a complaint filed in state court; and third, a counterclaim filed in a second state court action. All sought more or less the same relief on the same grounds.

¶4    First, Yknot sued Stellia and its principals, Kenneth Cassar and Dominic Tampone, (collectively, Stellia) in federal district court in Utah (the federal case). Stellia moved to dismiss on jurisdictional grounds, and Yknot voluntarily dismissed its federal complaint without court involvement. No appeal ensued. This was the first dismissal.

¶5    Second, Yknot sued Stellia in Utah state court; the case was assigned to Judge Andrew H. Stone (the Judge Stone Case). Stellia moved to dismiss on the ground that Yknot, a foreign entity not registered in Utah, lacked legal authority to sue in this state. In response, Yknot, in its own words, "cured any deficiency by filing its registration." When settlement negotiations broke down, Stellia withdrew its motion to dismiss and prepared to file an answer and counterclaim. But before it did so, Yknot filed a notice of voluntary dismissal, dismissing its state complaint without judicial involvement. This was the second dismissal, and the one from which this appeal arises.

¶6    Third, Stellia sued Yknot (and related individuals) in Utah state court; the case was assigned to Judge Su J. Chon (the Judge

Chon Case). Stellia sought both affirmative relief and a declaratory judgment, arguing that the two-dismissal rule found in rule 41(a) of the Utah Rules of Civil Procedure barred any potential counterclaim. Yknot and the individual defendants responded by filing a counterclaim. Stellia moved to dismiss the counterclaim, Judge Chon granted the motion, and Yknot appealed. We resolve that appeal in *Stellia v. Yknot*, 2016 UT App 133, also issued today.

¶7 Ten days after Stellia filed its complaint in the Judge Chon Case seeking a declaratory judgment under the two-dismissal rule, Yknot, now with new counsel, filed three motions seeking relief from the second dismissal in the Judge Stone Case. First, Yknot filed a motion to set aside the dismissal and to withdraw its notice of dismissal. This motion relied on subsections (b)(3) and (b)(6) of rule 60(b) of the Utah Rules of Civil Procedure.[2] Second, Yknot filed a motion to compel arbitration. And third, Yknot filed a motion to consolidate the Judge Stone Case and the Judge Chon Case. Stellia opposed all three motions.

¶8 Judge Stone denied all of Yknot's motions. In denying the first motion, the court found that Yknot had not established grounds for relief under either rule 60(b)(3)—relief for fraud or misconduct of an adverse party—or rule 60(b)(6)—relief for "any other reason that justifies relief."[3] *See* Utah R. Civ. P. 60(b)(3), (b)(6). The court ruled that Yknot's reliance on rule 60(b)(6) was misplaced because the motion could have been brought under rule 60(b)(1)—seeking relief for mistake—and therefore that it did not state an "other reason" justifying relief. Further, the

---

2. Rule 60 was amended after this case arose, but the relevant portions of the rule have not changed. *See* Utah R. Civ. Pro 60(b) (2015). We cite to the prior version of the statute for reader convenience.

3. Because Yknot has not appealed the denial of its rule 60(b)(3) motion, we do not address it.

court ruled that the facts did not support relief under rule 60(b)(1):

> Plaintiff has not established grounds for relief under Utah Rule of Civil Procedure 60(b)(6); Utah Rule of Civil Procedure 60(b)(6) does not apply when a motion implicates Rule 60(b)(1); Plaintiff has admittedly not moved for relief under Rule 60(b)(1); and the facts described in support of Plaintiff's Motion to Set Aside would not support relief under Rule 60(b)(1).

As a result of this ruling, Judge Stone denied the second and third motions as moot. Yknot appealed. We address the appeal in this opinion.


ISSUES

¶9     On appeal, Yknot contends that the district court erred by refusing to set aside Yknot's voluntary dismissal under rule 60(b)(6). Yknot advances three arguments to support this contention.

¶10    First, Yknot argues that the district court erred by "construing Yknot's rule 60(b) motion in accordance with rule 60(b)(1) rather than rule 60(b)(6)."

¶11    Second, Yknot argues that the district court abused its discretion by "refusing to set aside [Yknot's] voluntary dismissal" under rule 60(b).

¶12    Third, Yknot argues that the district court abused its discretion by "refusing to either strike or allow Yknot to withdraw, the voluntary dismissal."

ANALYSIS

## I. Yknot's Motion for Relief from Judgment Did Not Qualify for Treatment Under Rule 60(b)(6).

¶13    Yknot first contends that the district court erred by construing its rule 60(b) motion "in accordance with rule 60(b)(1) rather than rule 60(b)(6)." A district court's determination that a motion is a rule 60(b)(1) motion rather than a rule 60(b)(6) motion is a conclusion of law, which we review for correctness. *Richins v. Delbert Chipman & Sons Co.*, 817 P.2d 382, 385 (Utah Ct. App. 1991).[4]

¶14    Rule 60(b) lists various grounds on which the court may relieve a party from a final judgment or order:

> On motion and upon just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an opposing party; (4) the judgment

---

4. Yknot seems to argue that Judge Stone did not base his dismissal on rule 60(b)(6). But Judge Stone specifically determined that Yknot's motion failed under 60(b)(6)—not 60(b)(1). Although the reason Yknot's motion failed to meet 60(b)(6)'s requirements was because it should have been brought under rule 60(b)(1), Judge Stone's ruling itself was under 60(b)(6). Judge Stone's order cited rule 60(b)(6) and stated that Yknot had "not established relief under Utah Rule of Civil Procedure 60(b)(6)."

is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason that justifies relief.

Utah R. Civ. P. 60(b) (2015). As "the residuary clause of rule 60(b)," subsection (6) embodies three requirements: "First, that the reason be one *other* than those listed in subdivisions (1) through ([5]); second, that the reason justify relief; and third, that the motion be made within a reasonable time." *Laub v. South Central Utah Tel. Ass'n*, 657 P.2d 1304, 1306–07 (Utah 1982) (emphasis in original). Moreover, rule 60(b)(6) "should be very cautiously and sparingly invoked by the Court only in unusual and exceptional circumstances." *Id.* at 1307–08 (citation and internal quotation marks omitted).

¶15   Here, Yknot's rule 60(b) motion relied on subsections 60(b)(3) (misconduct) and 60(b)(6) (any other reason), but not 60(b)(1) (mistake). On appeal, Yknot relies solely on subsection 60(b)(6). At the hearing on the motion, Yknot described its asserted ground for relief as "essentially an unclean hands argument." Yknot argued that it had dismissed the action to pursue arbitration, but Stellia refused to arbitrate. "[O]bviously," Yknot argued, "if we had believed at any point that we would be precluded from seeking arbitration by filing a dismissal, we would never have done that."

¶16   The district court ruled that Yknot's rule 60(b) motion implicated subsection 60(b)(1). It described Yknot's stated reason for relief as a tactical choice—essentially a mistake, though not one that would justify relief under subsection 60(b)(1). Yknot challenges this characterization and offers various explanations for voluntarily dismissing its complaint in this case. But tellingly it never asserts that it acted with knowledge that a second voluntary dismissal would trigger rule 41's two-dismissal

provision. Accordingly, we agree with Judge Stone that Yknot effectively seeks relief from its own mistake. And because subsection 60(b)(1) provides relief for mistake, Yknot could not assert its claim under the residuary clause of subsection 60(b)(6); the claim did not state an "other reason" for relief.

¶17 On appeal, Yknot argues that its rule 60(b)(6) motion "did not have a basis in subdivisions (1) through (5)" and thus that "[it] was error for the trial court to find that the reason underlying the Rule 60(b)[(6)] motion was mistake." "The reason for the Rule 60(b) motion," Yknot argues, "is that unless the voluntary dismissal is set aside, Yknot is facing an action by Stellia without the opportunity to present its counterclaims" because rule 41's two-dismissal provision prohibits Yknot from bringing any affirmative claims.

¶18 Essentially, Yknot asked the district court, and now asks this court, to shield it from the harsh—albeit predictable—consequences of its choice to voluntarily dismiss its second complaint. But as we explain in *Stellia Limited v. Yknot Global Limited* (the companion case to this one) rule 41(a) plainly mandates that a second voluntary dismissal will be treated as though it were dismissed on the merits. 2016 UT App 133, ¶ 24; *see* Utah R. Civ. P. 41(a) ("[A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."). Yknot filed two voluntary dismissals; as a result, the second dismissal operates as an adjudication on the merits. *See Stellia*, 2016 UT App 133, ¶ 24. And however uncooperative an adverse party Stellia may have been, Yknot—not Stellia—chose to voluntarily dismiss Yknot's second complaint.

¶19 In sum, we agree with the district court that Yknot's motion implicated subsection 60(b)(1) and on that basis did not justify relief under subsection 60(b)(6).

## II. The District Court Did Not Abuse Its Discretion by Denying Yknot's Rule 60(b) Motion.

¶20  Second, Yknot contends that the district court abused its discretion by "refusing to set aside [Yknot's] voluntary dismissal" under rule 60(b)(6). Yknot argues that the district court abused its discretion because the consequence of the two-dismissal rule was "similar to a default judgment that does not allow Yknot the opportunity to present its claims against Stellia."

¶21  Our ruling on Yknot's first claim moots this one; because Yknot's claim implicates subsection (b)(1) it did not qualify for consideration under subsection (b)(6). But even if Yknot's motion could fit within subsection (b)(6), that subsection "should be very cautiously and sparingly invoked . . . only in unusual and exceptional circumstances." *Laub v. South Central Utah Tel. Ass'n*, 657 P.2d 1304, 1307–08 (Utah 1982) (citation and internal quotation marks omitted). And the application of the two-dismissal rule as written does not qualify as an exceptional circumstance. Accordingly, denial of Yknot's motion under rule 60(b)(6) would not constitute an abuse of discretion.

## III. The District Court Did Not Abuse Its Discretion by Refusing to Strike or Withdraw Yknot's Voluntary Dismissal.

¶22  Finally, Yknot contends that the "unique circumstances of this case" required the district court to permit Yknot to withdraw its second voluntary dismissal. Yknot argues that "Utah has not addressed the question of whether the filing of a motion to dismiss, then the subsequent withdrawal of that motion to dismiss, allows a party to file a Rule 41 voluntary dismissal." Such a motion to dismiss, Yknot implies, constituted "service by the adverse party of an answer or other response to the complaint," Utah R. Civ. P. 41(a)(1), thereby precluding Yknot from filing a notice of voluntary dismissal. In effect, Yknot argues that rule 41 did not authorize Yknot's own voluntary dismissal.

¶23    This argument is not adequately briefed. "Pinpointing where and how the trial court allegedly erred is the appellant's burden." *GDE Constr., Inc. v. Leavitt*, 2012 UT App 298, ¶ 24, 294 P.3d 567. To demonstrate district court error, an appellant must support his argument with reasoned analysis based on relevant legal authority. *See Simmons Media Group, LLC v. Waykar, LLC*, 2014 UT App 145, ¶ 37, 335 P.3d 885. Where the contentions on appeal are "'asserted without the support of legal reasoning or authority,'" this court "will not assume the appellant's burden of argument and research." *Crossgrove v. Stan Checketts Props., LLC*, 2015 UT App 35, ¶ 6, 344 P.3d 1163 (quoting *Angel Inv'rs, LLC v. Garrity*, 2009 UT 40, ¶ 36, 216 P.3d 944). Here, Yknot has not supported its argument with legal authority. Aside from two procedural citations (one identifying the standard of review and one explaining that a rule 41 voluntary dismissal "divests the trial court of jurisdiction"), Yknot's argument contains no citations to legal authority. Accordingly, Yknot has not carried its burden of persuasion on appeal. *See Simmons*, 2014 UT App 145, ¶ 37.

¶24    Furthermore, Stellia asserts—and Yknot does not deny—that Yknot itself invited any error. After Yknot filed its notice of voluntary dismissal, Stellia resisted on the ground that Stellia had filed a motion to dismiss and that Yknot should not be allowed to dismiss the complaint when Stellia sought attorney fees. Yknot responded that because Stellia had withdrawn its motion "there was no longer any pleading responsive to the Complaint on the record, and the Voluntary Dismissal was proper and [Yknot] had the right to dismiss this action without either leave of Court or of [Stellia]." In support of this argument, Yknot cited multiple cases from the United States Tenth Circuit Court of Appeal. Even under our supreme court's recently clarified formulation of the invited error doctrine, urging the district court to adopt one view of the law and urging the appellate court to adopt the opposite view of the law qualifies as invited error. *See State v. McNeil*, 2016 UT 3, ¶¶ 17–23, 365 P.3d 699. We therefore affirm the district court's refusal to strike or withdraw Yknot's voluntary dismissal.

## CONCLUSION

¶25   Because Yknot's rule 60(b)(6) motion could have been brought under another section of rule 60(b)—to correct a mistake or act of inadvertence—the district court correctly ruled that rule 60(b)(6) relief was not available to Yknot and did not abuse its discretion in denying the motion. The judgment of the district court is affirmed.

———————