2016 UT App 133

## THE UTAH COURT OF APPEALS

STELLIA LIMITED,
Appellee,

*v.*

YKNOT GLOBAL LIMITED,
Appellant,

*v.*

DOMINIC TAMPONE,
Appellee.

Opinion
No. 20141167-CA
Filed June 23, 2016

Third District Court, Salt Lake Department
The Honorable Su J. Chon
No. 130907586

Jeffrey J. Steele and Justin R. Baer, Attorneys
for Appellant

Eric K. Schnibbe and David Paul Steiner, Attorneys
for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGE GREGORY K. ORME and SENIOR JUDGE RUSSELL W. BENCH
concurred.[1]

VOROS, Judge:

¶1     This is one of two appeals arising from a business dispute
between two companies, Yknot Global Limited and Stellia
Limited. In this appeal, Yknot asserts that the district court erred

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

by dismissing its counterclaims under the two-dismissal rule of rule 41(a) of the Utah Rules of Civil Procedure. We affirm.

## BACKGROUND

¶2      Yknot, organized in the United Kingdom and based in Salt Lake County, sells various products online. Stellia, organized and based in Malta, provides electronic credit card processing services to online sellers—including, for a time, Yknot. At some point a dispute arose between the two companies; the nature of that dispute does not bear on the questions presented on appeal.

¶3      This appeal involves three claims filed by Yknot (and related individuals) against Stellia (and related individuals): first, a complaint filed in federal district court; second, a complaint filed in state court; and third, a counterclaim filed in a second state court action. All sought more or less the same relief on the same grounds.

¶4      First, Yknot sued Stellia and its principals, Kenneth Cassar and Dominic Tampone, (collectively, Stellia) in federal district court in Utah (the federal case). Stellia moved to dismiss on jurisdictional grounds, and Yknot voluntarily dismissed its federal complaint without court involvement. No appeal ensued. This was the first dismissal.

¶5      Second, Yknot sued Stellia in Utah state court; the case was assigned to Judge Andrew H. Stone (the Judge Stone Case). Stellia moved to dismiss on the ground that Yknot, a foreign entity not registered in Utah, lacked legal authority to sue in this state. In response, Yknot, in its own words, "cured any deficiency by filing its registration." When settlement negotiations broke down, Stellia withdrew its motion to dismiss and prepared to file an answer and counterclaim. But before it did so, Yknot filed a notice of voluntary dismissal, dismissing its state complaint without judicial involvement. This was the second dismissal.

¶6     Third, Stellia sued Yknot (and related individuals) in Utah state court; the case was assigned to Judge Su J. Chon (the Judge Chon Case). Stellia sought both affirmative relief and a declaratory judgment, arguing that the two-dismissal rule found in rule 41(a) of the Utah Rules of Civil Procedure barred any potential counterclaim. Yknot and the individual defendants responded by filing a counterclaim. Stellia moved to dismiss the counterclaim, Judge Chon granted the motion, and Yknot appealed. We address this appeal—from the Judge Chon case—in this opinion.

¶7     Ten days after Stellia filed its complaint in the Judge Chon Case seeking a declaratory judgment under the two-dismissal rule, Yknot, now with new counsel, filed three motions seeking relief from the second dismissal in the Judge Stone Case. First, Yknot filed a motion to set aside the dismissal and to withdraw its notice of dismissal. This motion relied on subsections (b)(3) and (b)(6) of rule 60(b) of the Utah Rules of Civil Procedure. Second, Yknot filed a motion to compel arbitration. And third, Yknot filed a motion to consolidate the Judge Stone Case and the Judge Chon Case. Stellia opposed all three motions.

¶8     Judge Stone denied all of Yknot's motions. In denying the first motion, the court found that Yknot had not established grounds for relief under either rule 60(b)(3)—relief for fraud or misconduct of an adverse party—or rule 60(b)(6)—relief for "any other reason that justifies relief."[2] *See* Utah R. Civ. P. 60(b)(3), (b)(6). The court ruled that Yknot's reliance on rule 60(b)(6) was misplaced because the motion could have been brought under rule 60(b)(1)—seeking relief for mistake—and therefore that it did not state an "other reason" justifying relief. Further, the court ruled that the facts did not support relief under rule 60(b)(1):

---

2. Because Yknot has not appealed the denial of its rule 60(b)(3) motion, we do not address it.

> Plaintiff has not established grounds for relief under Utah Rule of Civil Procedure 60(b)(6); Utah Rule of Civil Procedure 60(b)(6) does not apply when a motion implicates Rule 60(b)(1); Plaintiff has admittedly not moved for relief under Rule 60(b)(1); and the facts described in support of Plaintiff's Motion to Set Aside would not support relief under Rule 60(b)(1).

As a result of this ruling, Judge Stone denied the second and third motions as moot. Yknot appealed. We resolve that appeal in *Yknot Global v. Stellia Limited*, the companion appeal to this one. 2016 UT App 132.

¶9     After Judge Stone denied Yknot's rule 60(b) motions, Stellia moved to dismiss Yknot's counterclaim and third party complaint in the Judge Chon Case (the subject of this appeal). Stellia argued that Yknot's counterclaim represented a third attempt to bring the same claims Yknot had voluntarily dismissed in the federal case and in the Judge Stone Case. Thus, Stellia maintained, the counterclaim ran afoul of rule 41's two-dismissal rule. Judge Chon agreed that the two-dismissal rule barred Yknot's counterclaim:

> As to Stellia's Seventh Claim for Relief, seeking declaratory judgment, *Defendants' Motion to Dismiss* is DENIED on the grounds that the "Two Dismissal Rule" embodied in Utah Rule of Civil Procedure 41 bars Yknot Global's affirmative claims against the Stellia Parties . . . as a result of Yknot Global having twice brought and then voluntarily dismissed the claims.
>
> . . . .
>
> The Counterclaim and Third-Party Complaint, as alleged by Yknot Global, is

> dismissed because the "Two Dismissal Rule" embodied in Utah Rule of Civil Procedure 41 bars Yknot Global's affirmative claims against the Stellia Parties and Cassar as a result of Yknot Global having twice brought and then voluntarily dismissed the claims.

(Emphasis in original.) Yknot petitioned for, and we granted, permission to appeal Judge Chon's interlocutory order of dismissal.

ISSUES

¶10    The overarching issue in this appeal is whether the district court properly dismissed Yknot's counterclaims under the two-dismissal rule found in rule 41(a)(1) of the Utah Rules of Civil Procedure. Yknot offers five arguments why, in its view, the two-dismissal rule should not apply here.

¶11    First, Yknot argues that the two-dismissal rule should not apply because applying it here does not serve the purposes of the rule.

¶12    Second, Yknot argues that the two-dismissal rule should not apply because Yknot's voluntary dismissal of the federal complaint should be considered a stipulated dismissal to which the two-dismissal rule should not apply.

¶13    Third, Yknot argues that the two-dismissal rule should not apply because Yknot dismissed the federal case based on jurisdictional issues.

¶14    Fourth, Yknot argues that the two-dismissal rule should not apply because Yknot dismissed its second complaint to pursue arbitration in a foreign country.

¶15    Finally, Yknot argues that the two-dismissal rule should not apply to counterclaims.

¶16   "A ruling on a motion to dismiss presents a legal question that we review for correctness, affording no deference to the district court's decision." *Turner v. Staker & Parson Co.*, 2012 UT 30, ¶ 7, 284 P.3d 600.


ANALYSIS

¶17   Similar to its federal counterpart, rule 41 of the Utah Rules of Civil Procedure governs the dismissal of actions. Subsection (a)(1) contains the two-dismissal rule. Under that subsection, the first voluntary dismissal of an action is, unless otherwise stated, without prejudice, but the second dismissal operates as an adjudication on the merits:

> Subject to the provisions of Rule 23(e) and of any applicable statute, an action may be dismissed by the plaintiff without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or other response to the complaint permitted under these rules. Unless otherwise stated in the notice of dismissal, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.*

Utah R. Civ. P. 41(a)(1) (emphasis added). "[I]t is the duty and practice of this court to adhere to the plain language of a rule." St. Jeor v. Kerr Corp., 2015 UT 49, ¶ 12, 353 P.3d 137 (citing Dipoma v. McPhie, 2001 UT 61, ¶ 11, 29 P.3d 1225). Moreover, "where the text of the rule is clear and unambiguous, our inquiry ends, and we need not resort to additional methods of interpretation." Id. (citing Clark v. Archer, 2010 UT 57, ¶ 9, 242 P.3d 758).

¶18    The text of rule 41(a)(1) seems clear enough. Unless otherwise stated, the first voluntary dismissal of a claim is without prejudice. But the second dismissal of the same claim operates as an adjudication on the merits, prohibiting a third bite at the same apple, regardless of where the claim was brought before.

¶19    Here, in the language of the rule, Yknot filed two notices of voluntary dismissal of the same claim, one in federal district court and one in state district court. Yknot acknowledges that both dismissals were voluntary and that both complaints arose from the same set of facts. And Yknot does not argue that rule 41 is ambiguous or unclear. Rather, it offers a number of reasons why the rule should not apply here.

## I.  Rule 41 (a)(1) Means What It Says.

¶20    Yknot contends that "the two-dismissal rule should be narrowly applied" because "its purpose is not served by application in this matter." The rule should be narrowly construed, Yknot argues, where its literal application would "'close the courthouse doors to an otherwise proper litigant'" without serving the rule's purpose. (Quoting *In re Chi-Chi's, Inc.*, 338 B.R. 618, 624 (Bankr. D. Del. 2006)). The rule's purpose, Yknot maintains, is to prevent multiple lawsuits designed to "vex and annoy," whereas Yknot simply sought "to pursue its claims in a jurisdiction to which the Stellia Parties could not object." In support of this argument, Yknot cites several policy considerations discussed in *First Equity Federal Inc., v. Phillips Dev., LC*, 2002 UT 56, 52 P.3d 1137.

¶21    Stellia responds, in effect, that it has been vexed and annoyed by Yknot's multiple filings and that, in any event, *First Equity* supports the application of the two-dismissal rule here. We agree that *First Equity* disposes of this claim on appeal.

¶22    In *First Equity*, our supreme court construed rule 41(a)(1). The defendants sought the benefit of the two-dismissal rule where the plaintiff had effected the first dismissal not by a *notice*

of dismissal, but by an ex parte *motion* to dismiss. *Id.* ¶ 14. The defendants argued that, in practice, a "perfunctory" ex parte motion to dismiss functioned as a voluntary dismissal because judges sign such motions without notice to opposing counsel "as a matter of course where there has been no appearance on the other side." *Id.* ¶ 15 (citation and internal quotation marks omitted).

¶23    In *First Equity*, our supreme court rejected this argument under the plain language of rule 41. *Id.* ¶ 16. The "plain language" of rule 41(a)(1), the court wrote, "refers exclusively to notices of dismissal" without mentioning motions to dismiss. *Id.* The court concluded, "We therefore construe rule 41(a)(1) to mean exactly what it says and hold that its language does not apply to motions to dismiss." *Id.* In a footnote, the court also noted a key difference between a notice of dismissal and a motion to dismiss: judicial involvement. *Id.* ¶ 16 n.4. Whereas a notice of dismissal "becomes effective the moment it is filed, . . . an ex parte motion to dismiss becomes effective only after it is granted by the district court. Hence, judicial involvement is required in one situation, but not the other." *Id.*

¶24    Like the supreme court in *First Equity*, we "construe rule 41(a)(1) to mean exactly what it says." *See id.* ¶ 16. The parties agree that Yknot filed a notice of dismissal, not a motion to dismiss, in both the federal case and the Judge Stone Case. Consequently, under the reasoning of *First Equity*, the two-dismissal rule applies.

¶25    Further, we do not read *First Equity* to authorize courts to disregard the plain language of rule 41(a)(1); unlike some rules, rule 41(a)(1) does not invite the court to weigh the equities of the situation. Indeed, many courts have held that "the two-dismissal rule, as set forth in [rules analogous to Utah Rule of Civil Procedure 41(a)], is not a matter within the trial court's discretion." *See e.g., Evins v. Carvin*, 426 S.W.3d 549, 556 (Ark. Ct. App. 2013) (considering the analogous rule of the Arkansas Rules of Civil Procedure and citing Restatement (Second) of Judgments § 20(1) cmt. h (1982)); *accord Spokane County v.*

*Specialty Auto & Truck Painting, Inc.*, 103 P.3d 792, 796 (Wash. 2004). Rather, these courts conclude, it "applies automatically to unilateral dismissals by the plaintiff and does not provide for court discretion to look into the reasons for the dismissal." *Guillen v. Pierce County*, 110 P.3d 1184, 1188 (Wash. Ct. App. 2005) (citation and internal quotation marks omitted) (considering the analogous rule of the Washington Superior Court Civil Rules).

¶26    We understand that *First Equity* cited the two-dismissal rule's purposes in support of its plain-language reading of rule 41(a)(1), describing the two-dismissal rule as "a dispositive procedural rule [that] should be applied narrowly." *See First Equity Fed. Inc. v. Phillips Dev. LC*, 2002 UT 56, ¶ 17, 52 P.3d 1137. And we recognize, as Yknot implicitly argues, that adhering to the plain language of rule 41(a)(1) in *First Equity* mitigated the harshness of the two-dismissal rule, whereas adhering to the plain language of the rule here leads to a harsh result. *See id.* ¶¶ 17–19. Nevertheless, our reading of *First Equity* compels us to read rule 41(a)(1) "to mean exactly what it says," not to weigh relative equities. And because we apply the rule as written, this result, though arguably harsh in some circumstances, should not come as a surprise.

### II. Yknot's Dismissal of the Federal Action Qualifies as a Dismissal for Purposes of the Two-Dismissal Rule.

¶27    Yknot next contends that "[t]he dismissal of the federal case should be construed as a stipulation, rendering the two-dismissal rule inapplicable." Yknot acknowledges that Stellia filed a motion to dismiss the federal action on jurisdictional grounds, not a stipulation to a notice of dismissal. But Yknot reasons that Stellia's motion to dismiss—later withdrawn— "should be considered a stipulation, taking [Yknot's voluntary dismissal] out of the context of the two-dismissal rule."

¶28    Under rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action *without a court order* by filing "a stipulation of dismissal signed by all parties who have

appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).[3] But even if Stellia's withdrawn motion to dismiss on jurisdictional grounds qualifies as an appearance for purposes of the federal rule, it does not qualify as a stipulation. Yknot offers no support—and we are aware of none—for its assertion that moving the court to dismiss an action is tantamount to stipulating to a voluntary dismissal.

¶29    Even if Stellia's motion to dismiss could somehow be construed as a stipulation to Yknot's voluntary dismissal, we cannot see how Yknot's argument survives *First Equity*. That opinion clarifies that the dispositive question is not whether a defendant stipulates to a dismissal or even has notice of it, but "whether judicial involvement is required." *First Equity*, 2002 UT 56, ¶ 16 n.4. And, as Yknot acknowledges, it "did not obtain an order of dismissal from the federal court." The dismissal therefore qualifies as a first dismissal under the two-dismissal rule.

¶30    Finally, Yknot relies on *Murray v. Conseco, Inc.*, 467 F.3d 602 (7th Cir. 2006). But *Murray* does not aid Yknot's argument. In *Murray*, the United States Court of Appeals for the Seventh Circuit held that the two-dismissal rule did not apply because the plaintiff's motion "was not signed by all parties." *Id.* at 605. By extension, if Yknot's motion in federal court effectively was, as Yknot contends, "signed by all the parties," *Murray* suggests, if anything, that the two-dismissal rule would apply.

### III. Application of the Two-Dismissal Rule Does Not Depend on the Plaintiff's Purpose for Dismissing.

¶31    Third, Yknot contends that "the purpose for filing the dismissal should be a significant factor in evaluating the application of the two-dismissal rule." Yknot would have us

---

3. By contrast, under the Utah rule, stipulations do not obviate the need for judicial involvement. *See* Utah R. Civ. P. 41(a)(2)(i).

apply this principle to the dismissals in both the federal case and the Judge Stone Case.

¶32    "Because the voluntary dismissal of the federal case was based on an arguable lack of jurisdiction," Yknot argues, "the dismissal should not be considered for purposes of the two-dismissal rule." In effect, Yknot maintains that, by voluntarily dismissing and promptly filing in state court, it served judicial economy. As for the Judge Stone case, Yknot argues that it dismissed the action "not with the intention to harass or annoy, but to bring its claims in a jurisdiction in which the Stellia Parties would not, or could not, reasonably object." In effect Yknot reasons that it should not be prejudiced merely for filing in different courts in an attempt to find a jurisdiction acceptable to Stellia.

¶33    In support of its arguments, Yknot again relies on *Murray*, discussed above, and on another Seventh Circuit case, *Sutton Place Dev. Co. v. Abacus Mortgage Inv. Co.*, 826 F.2d 637 (7th Cir. 1987). Again, *Murray* does not aid Yknot for the reasons explained above. But neither does *Sutton Place*. There, the Seventh Circuit, like the Utah Supreme Court in *First Equity*, applied the two-dismissal rule according to its plain language: "Here, application for the second dismissal was made by motion and granted by order of Judge Moran." Therefore, the court held, "the language of the rule does not trigger the so-called 'two dismissal' exemption upon which the district court relied." *Id.* at 640. The court also observed that the plaintiff's purpose in dismissing was not to harass the defendant, but noted that fact to support its application of the plain language of the rule, not to depart from it. *See id.* at 641. In short, these cases provide no basis to depart from *First Equity*'s mandate that we construe rule 41(a) to mean what it says.

¶34    Yknot maintains that "it should not be punished for attempting to bring its claims in a jurisdiction to which Stellia could not object." And Stellia did ground its objections in jurisdictional principles. But it accompanied its objections with suggestions on how Yknot could cure the jurisdictional defects.

In any event, the two-dismissal rule is a straightforward rule under which results are driven by objective events, not by the parties' subjective intentions or motivations.

IV. The Two-Dismissal Rule Applies to Yknot's Counterclaims.

¶35    Finally, Yknot contends that the two-dismissal rule does not bar a third action when brought as a counterclaim. It argues that Stellia seeks to use the two-dismissal rule "as a sword when it was clearly intended only as a shield." The rule, Yknot maintains, is intended to protect defendants from vexatious lawsuits, not to allow plaintiffs to "avoid meritorious counterclaims while freely asserting their own claims."

¶36    Other than cases addressing the purposes of rule 41 and litigation in general, Yknot cites no authority in support of its contention that a claim barred from reassertion in a complaint by rule 41's two-dismissal rule may nevertheless be brought as a counterclaim in an answer. Accordingly, it has not carried its burden of persuasion on appeal. *See* Utah R. App. P. 24(a)(9); *State v. Hawkins*, 2016 UT App 9, ¶ 60, 366 P.3d 884.

¶37    In any event, rule 41 itself states, "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim." Utah R. Civ. P. 41(c). Thus, "[t]he two-dismissal rule applies equally to counterclaims, crossclaims, and third party claims." *Synovus Bank v. Pierce*, No. 1:11CV190, 2012 WL 3528053, at *2 (W.D.N.C. Aug. 15, 2012).

CONCLUSION

¶38    The judgment of the district court is affirmed.

_____