2022 UT 28

IN THE

# SUPREME COURT OF THE STATE OF UTAH

In the Matter of the Discipline of TERRY R. SPENCER

TERRY R. SPENCER,
*Appellant,*

*v.*

OFFICE OF PROFESSIONAL CONDUCT,
*Appellee.*

No. 20210458
Heard: March 16, 2022
Filed June 30, 2022

On Direct Appeal

Third District, Salt Lake
The Honorable Richard E. Mrazik
No. 170906087

Attorneys:

Terry R. Spencer, Sandy, *pro se* appellant

Billy L. Walker, Emily A. Lee, Salt Lake City, for appellee

JUSTICE PEARCE authored the opinion of the Court,
in which JUSTICE PETERSEN, JUDGE HARRIS, JUDGE TENNEY,
and JUDGE WALTON joined.

Having recused himself, CHIEF JUSTICE DURRANT does not participate
herein; COURT OF APPEALS JUDGE RYAN M. HARRIS sat.

Due to his retirement, JUSTICE HIMONAS did not participate herein;
COURT OF APPEALS JUDGE RYAN D. TENNEY sat.

Having recused himself, ASSOCIATE CHIEF JUSTICE LEE does not
participate herein; DISTRICT COURT JUDGE JOHN J. WALTON sat.

JUSTICE HAGEN became a member of the Court on May 18, 2022, after
oral argument in the matter, and accordingly did not participate.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1 The district court suspended Terry R. Spencer from the practice of law for six months and one day for violations of Utah Rules of Professional Conduct 1.5(a), 1.8(e), and 8.4(c). More than one year later, Spencer moved the district court to partially set aside its decision because, he alleged, counsel for the Office of Professional Conduct had committed fraud on the court when she knowingly made false statements, elicited false testimony from a witness, and failed to notify the district court of controlling case law contrary to her position. The district court denied Spencer's motion as untimely, reasoning that Spencer had failed to adequately explain the year-long delay in bringing his motion.

¶2 Spencer claims the district court erred when it found that he had unduly delayed bringing his motion. But Spencer has failed to marshal the evidence that supported the district court's decision, and he has also failed to directly challenge the district court's reasoning. Spencer has thus failed to meet his burden of persuasion on appeal. We affirm.

## BACKGROUND

¶3 The Office of Professional Conduct (OPC) filed a complaint against Spencer in district court, alleging twelve violations of the Utah Rules of Professional Conduct (Disciplinary Action).[1] After a three-day trial, the district court determined that Spencer had violated the Rules and entered its Ruling and Order Regarding Sanctions suspending Spencer from the practice of law for six months and one day (Ruling and Order).[2]

¶4 More than one year after the district court's amended Ruling and Order, and more than eight months after Spencer had finished

---

[1] The OPC subsequently amended its complaint to include an additional violation based on Spencer's conduct before the court of appeals. The OPC ultimately withdrew this allegation, and the district court did not consider it.

[2] The district court amended its Ruling and Order less than two months later in response to the OPC's rule 59(e) motion to fix two "minor inaccuracies." Those changes are not material to our decision.

serving his suspension, Spencer moved to partially set aside the district court's amended Ruling and Order under Utah Rule of Civil Procedure 60(b)(6).[3] In his motion, Spencer asserted that the attorney representing the OPC (OPC Counsel) had committed fraud on the court—and violated the Utah Rules of Professional Conduct—during the underlying Disciplinary Action in three ways.

¶5 Spencer first argued that OPC Counsel had knowingly made and offered false statements concerning Spencer's connection to a business named The Smart Way Financial, LLC (TSWF). During her examination of Spencer, OPC Counsel asked Spencer if he was an owner of TSWF. Spencer responded, "I don't know." OPC Counsel then stated that she had searched the online Utah Department of Commerce database and "found that [Spencer] w[as], in fact, . . . related to [TSWF]." Following her examination of Spencer, OPC Counsel examined attorney Bradley Carr, whose testimony also tied Spencer to TSWF. Spencer argued that OPC Counsel and Carr's statements were false—and that OPC Counsel knew it—because at the time of the Disciplinary Action, Department of Commerce records "clearly demonstrate[d] that [Spencer] had no interest in, and no relationship to, [TSWF]."

¶6 Spencer also argued that OPC Counsel "appear[ed] to have knowingly elicited false testimony" from Carr on another topic. Before the Disciplinary Action had been filed, Carr, on behalf of one of Spencer's former clients, had filed a lawsuit against Spencer that claimed, among other things, malpractice and fraud (Malpractice Action). In the Disciplinary Action, Carr testified that the fraud claim was based on the propriety of the attorney fees Spencer had charged his then-client. According to Spencer, Carr later contradicted this testimony in the Malpractice Action. And Spencer wanted the district court to determine which of Carr's statements were false so that "[i]f it [was] determined that [Carr] made false on-the-record statement[s] during his testimony in [the Disciplinary Action], then

---

[3] Rule 60(b) sets forth specific reasons for which a court may, "[o]n motion and upon just terms, . . . relieve a party or its legal representative from a judgment, order, or proceeding." Utah R. Civ. P. 60(b). Rule 60(b)(6) is the catch-all provision of rule 60; under it, a court may grant relief for "any other reason that justifies relief." *Id.* R. 60(b)(6).

[OPC Counsel's elicitation of this testimony] may be considered a further 'fraud upon the court.'"

¶7 Finally, Spencer argued that OPC Counsel had failed to inform the district court of controlling case law contrary to her position—namely, *State v. Gordon*, 886 P.2d 112 (Utah Ct. App. 1994). In her closing arguments, OPC Counsel claimed that Spencer had violated a specific Rule of Professional Conduct when he failed to disclose "a very important fact" in a court proceeding. Spencer argued that he wasn't required to make that disclosure under *Gordon* and that by failing to alert the court to that case, OPC Counsel had committed fraud on the court.

¶8 As to the timeliness of his motion, Spencer claimed that he had discovered the alleged fraud after the applicable time period set forth in rule 60. And he argued that a footnote in *State v. Boyden*, 2019 UT 11, 441 P.3d 737, authorizes a court to address fraud on the court under those circumstances.

¶9 The OPC opposed Spencer's motion. The OPC largely argued that Spencer's rule 60(b)(6) motion was meritless. The OPC also argued that Spencer's motion was untimely. As the OPC saw it, *Boyden* was limited to its facts and did not exempt Spencer's motion from the relevant time restriction.

¶10 The district court agreed that Spencer had taken too long to file his motion. The district court noted that rule 60(b)(6) motions must be brought "within a reasonable time." UTAH R. CIV. P. 60(c). And Spencer's rule 60(b)(6) motion, the district court concluded, was untimely for two reasons. As to the first, the district court stated that,

> [Spencer] ha[d] not provided any credible explanation for his delay in bringing this motion, or any credible explanation for why he could not have learned of the bases for his motion before, during, or shortly after the [disciplinary] trial. Indeed, by asserting that [OPC Counsel] misrepresented the information that was available through the Utah Department of Commerce . . ., [Spencer] is implicitly admitting that he was able to determine whether [OPC Counsel]'s representations were correct [at the time the representations were made]. Further, [Spencer] fails to credibly explain why he was unable—before, during, or shortly after the . . . trial—to challenge the veracity of [Carr]'s testimony, or bring the controlling authority in question to the Court's attention.

As to the second reason, the district court found that "the interest in finality [in a ruling and order entered sixteen months prior]—combined with [Spencer]'s lack of diligence—weigh[ed] heavily against the timeliness of [Spencer]'s motion."

## STANDARD OF REVIEW

¶11 "[A] district court has broad discretion in ruling on a motion to set aside an order or judgment under rule 60(b), and [t]hus, we review a district court's denial of a 60(b) motion under an abuse of discretion standard." *In re Estate of Willey*, 2016 UT 53, ¶ 5, 391 P.3d 171 (alterations in original) (citation omitted) (internal quotation marks omitted).

## ANALYSIS

### I. SPENCER HAS FAILED TO MEET HIS BURDEN OF PERSUASION ON APPEAL

¶12 Spencer argues that the district court erred when it denied his rule 60(b)(6) motion as untimely. Spencer's opening brief tracks, almost verbatim, his original rule 60(b)(6) motion. Specifically, Spencer's brief argues that OPC Counsel committed fraud on the court—and violated the Utah Rules of Professional Conduct—when she (1) knowingly made false statements concerning Spencer's connection to TSWF, (2) knowingly elicited false testimony from Carr concerning Spencer's connection to TSWF and the nature of the fraud allegation in the Malpractice Action, and (3) failed to disclose controlling case law contrary to her position at closing arguments. Spencer's brief diverges from his rule 60(b)(6) motion, though not substantively, when it "invites" us, under separate heading, "to utilize [*State v. Boyden*, 2019 UT 11, 441 P.3d 737] to set forth guidelines for cases involving fraud upon the court . . . discovered after the . . . [time periods] provided in Rule 60(b)."

¶13 The OPC argues, among other things, that Spencer has failed to meet his burden of persuasion on appeal because he has failed to marshal the evidence that supported the district court's conclusion. The OPC also claims that Spencer's brief merely "recite[s] the same arguments in his appeal that he made in [his rule 60(b)(6) motion]" and "offers nothing by the way of analysis or evidence to show how the [district] court abused its discretion in denying his [m]otion." We agree with the OPC.

¶14 Rule 24 of the Utah Rules of Appellate Procedure "prescribe[s] standards for the form, organization, and content of a brief on appeal." *State v. Nielsen*, 2014 UT 10, ¶ 33, 326 P.3d 645. As to

content, rule 24 requires an appellant's brief to "explain, with reasoned analysis supported by citations to legal authority and the record, why [it] should prevail on appeal." UTAH R. APP. P. 24(a)(8). An appellant "will almost certainly fail to carry its burden of persuasion on appeal if it fails to marshal and respond to evidence or authority that could sustain the decision under review." *In re Discipline of LaJeunesse*, 2018 UT 6, ¶ 28, 416 P.3d 1122 (citation omitted) (internal quotation marks omitted).

¶15 We addressed the marshaling requirement in *LaJeunesse*. There, the OPC appealed the district court's decision to dismiss its complaint against attorney Richard LaJeunesse. *Id.* ¶¶ 21–22. Although we ultimately affirmed the district court on the merits, *id.* ¶ 48, we recognized that we could have affirmed solely on the OPC's "fail[ure] to carry its burden as the appellant," *id.* ¶ 26. We concluded that the OPC had failed to marshal the evidence because its brief had "fail[ed] to append or recite the findings and conclusions entered by the district court," *id.* ¶ 29, and "ignore[d] crucial elements" of the district court's ruling and analysis, *id.* ¶¶ 30–31. And we said that when "the appellant fails to acknowledge the lower court's decision—or to identify specific grounds for challenging it—we may affirm without reaching the merits of the question presented." *Id.* ¶ 32.

¶16 Spencer's statement of the factual and procedural background of the case, like the OPC's in *LaJeunesse*, "makes only the barest mention of the district court's [decision]." *Id.* ¶ 29. Spencer devotes just a single sentence to the two-page order he now appeals. And that sentence merely informs us that the district court denied his rule 60(b)(6) motion. He simply makes no attempt to address the facts that the district court relied on to conclude that his motion was untimely.

¶17 The argument section of Spencer's brief fares no better. The great bulk of Spencer's argument is dedicated to rehashing the merits of his rule 60(b)(6) motion. Only three sentences are given to the district court's actual decision:

> [T]he Trial Court improperly concluded that [Spencer]'s Rule 60(b)(6) Motion was untimely, as it was not until . . . Carr made statements . . . in the [Malpractice Action] . . . that [Spencer] learned that the testimony provided by [Carr] in the underlying [Disciplinary Action] was false and/or misleading. It was the realization that [Carr] provided false and/or

misleading testimony in the underlying [Disciplinary Action] that caused [Spencer] to review the documents—available from the Utah Department of Commerce—in the context of [Carr]'s testimony. From these documents, [Spencer] came to understand that [OPC Counsel] had made false statements in the [Disciplinary Action].

¶18 These three sentences ignore "crucial elements of [the district court]'s ruling." *See LaJeunesse*, 2018 UT 6, ¶ 30. Specifically, Spencer's brief does not address the district court's observation that "by asserting that [OPC Counsel] misrepresented the information that was available through the Utah Department of Commerce in [the Disciplinary Action], [Spencer] is implicitly admitting that he was able to determine whether [OPC Counsel]'s representations were correct [at the time they were made]."[4] Nor does it address the district court's assertion that Spencer has "fail[ed] to credibly explain why he was unable—before, during, or shortly after the [Disciplinary Action]—to challenge the veracity of [Carr]'s testimony," particularly when Spencer had access to the complaint Carr filed in the Malpractice Action at the time Carr testified in the Disciplinary Action, or why he was unable to "bring the controlling authority in question to the [district court]'s attention." Spencer cannot meet his burden of demonstrating that the district court erred without addressing these crucial aspects of the district court's ruling.

¶19 Instead of addressing the district court's analysis, Spencer argues that his motion is timely under the logic of a footnote in *State v. Boyden*, 2019 UT 11, ¶ 37 n.8. As Spencer sees it, *Boyden* grants a party leave to file a rule 60(b)(6) motion alleging fraud on the court outside of the time constraints rule 60 establishes. In other words, Spencer reads *Boyden* to provide a way around the time restrictions applicable to a rule 60(b)(6) motion when that motion alleges fraud on the court. But the footnote on which Spencer hangs his hat

---

[4] Spencer made this admission explicit at oral argument. There he admitted that "[he] knew [OPC Counsel's statements] were false at the time [of the Disciplinary Action]," and that his decision to file a rule 60(b)(6) motion over a year after those statements were uttered was simply "a judgment call" on his part. Oral Argument at 18:33, 19:09, Spencer v. OPC, 2022 UT 29 (No. 20210458), https://www.utcourts.gov/opinions/streams/index.php?court=sup.

addressed a very specific factual scenario and was not intended to be a de facto rewrite of Utah Rule of Civil Procedure 60.

¶20 In *Boyden*, the State filed a rule 60(b)(3) motion to vacate the conviction of a defendant because the defendant had misrepresented his identity. *Id.* ¶ 8. The district court denied the State's motion, concluding that it lacked jurisdiction, and even if it had it, the Post-Conviction Remedies Act (PCRA) was the State's "sole remedy." *Id.* ¶ 10. In reversing the district court, we concluded that "[t]he State could seek relief under rule 60(b) because neither the PCRA nor any other statute or rule govern[ed]." *Id.* ¶ 24. And the Utah Rules of Civil Procedure—specifically, rule 60(b)—"fill[ed] the gaps." *Id.* ¶ 25.

¶21 We also dropped a footnote where we noted that the State's rule 60(b)(3) motion was timely, and we made clear that we did not reach the question of whether the State could utilize rule 60(b)(3) had it discovered the alleged fraud more than three months after the entry of judgment. *Id.* ¶ 37 n.8. While we left that question unanswered, we made two additional observations. First, we explained that "rule 60 'does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court.'" *Id.* (quoting UTAH R. CIV. P. 60(d)). We also stated that "courts have inherent authority to set aside judgments obtained through fraud on the court." *Id.*

¶22 Spencer contends this footnote opened the door for a party to raise fraud on the court claims at any time. This was not *Boyden*'s intent. *Boyden* arose in a specific—and unique—context. The State was attempting to correct a serious error in a criminal conviction over the defendant's objection. Yet neither the Rules of Criminal Procedure nor the PCRA gave the State an avenue for relief. Using the Rules of Civil Procedure as a gap-filler, we concluded that the State could use Rule of Civil Procedure 60(b) to correct the error. The State, moreover, had brought its rule 60(b)(3) motion within the applicable ninety-day time limit imposed by rule 60(c). *See* UTAH R. CIV. P. 60(c). But, recognizing that we were using a civil rule to gap-fill the criminal rules, and further recognizing that filing an independent action in a criminal context might raise double jeopardy concerns,[5] we noted that the State would not have been without a

---

[5] The *Boyden* footnote concluded with a string of citations to various cases in other jurisdictions. Most of these cases deal with the

(continued . . .)

remedy had it discovered the fraud on the court after the ninety days had expired. We did not mean to suggest, however, that rule 60(d) could be routinely used to circumvent rule 60(c)'s other timelines. Nor did we intend to suggest that a party for whom an independent action might be a viable path to raise its claims could take advantage of the observation that the State would not be without a remedy when double jeopardy concerns prevent it from filing an independent action. To the extent that others read the footnote the way Spencer does here, we disavow that interpretation and stress that the footnote must be read in the context in which it arose.

¶23 In any event, even if *Boyden* applied here, Spencer would still need to address and attack the district court's conclusion that his motion was not brought within a reasonable time. *See* UTAH R. CIV. P. 60(c) (requiring all rule 60(b) motions "be filed within a reasonable time"). And as we explained above, Spencer has failed to do just that. We affirm.

## II. OPC COUNSEL'S ALLEGED VIOLATIONS OF THE UTAH RULES OF PROFESSIONAL CONDUCT ARE NOT PROPERLY BEFORE US

¶24 Spencer also argues that OPC Counsel's conduct in the underlying Disciplinary Action violated a number of the Utah Rules of Professional Conduct. Specifically, Spencer contends that OPC Counsel violated (1) rule 3.3(a)(1) when she knowingly made false statements concerning his connection to TSWF, (2) rule 3.3(b) when she knowingly elicited false testimony concerning his connection to TSWF and the nature of the fraud allegation in the Malpractice Action, and (3) rule 3.3(a)(2) when she failed to disclose controlling case law contrary to her position at closing arguments.

¶25 The OPC argues that Spencer's allegations against OPC Counsel are inappropriately raised before this court. The OPC claims "[t]here is a procedure in place when there are allegations of misconduct against an attorney," and that Spencer stepped outside

---

ability of a court to modify or vacate a sentence impacted by a defendant's fraud without courting double jeopardy. *See United States v. Bishop*, 774 F.2d 771, 774–76 (7th Cir. 1985); *Goene v. State*, 577 So.2d 1306, 1309 (Fla. 1991); *People v. Ryan*, 640 N.Y.S.2d 978, 983 (Sup. Ct. 1996); *State v. Foster*, 484 N.W.2d 113, 116–17 (N.D. 1992).

of that procedure when he appended his allegations against OPC Counsel to his appeal. The OPC is right.

¶26 "In attorney discipline cases, the power to sanction attorneys is vested in this court by the Utah Constitution." *Long v. Ethics & Discipline Comm. of the Utah Sup. Ct.*, 2011 UT 32, ¶ 41, 256 P.3d 206; *see also* UTAH CONST. art. VIII, § 4 ("The Supreme Court by rule shall govern the practice of law, including . . . the conduct and discipline of persons admitted to practice law."). In line with this power, we have created a set of rules governing the process by which "any person may initiate a disciplinary proceeding against any [l]awyer." SUP. CT. R. PRO. PRAC. 11-530(a); *see id.* R. 11-501 to -591.

¶27 These rules allow a person to initiate a disciplinary proceeding against an attorney for the OPC by filing a complaint with the OPC. *See id.* R. 11-530(a)(1). Our Ethics and Discipline Committee will then assign a screening panel to review the complaint.[6] *Id.* R. 11-542(f). After reviewing the complaint, the screening panel chair will decide if the complaint merits dismissal. *Id.* R. 11-542(f)(1). If the complaint is dismissed, "[t]he Complainant may appeal the screening panel chair's dismissal to the [chair of the Ethics and Discipline Committee]," who will then "conduct a de novo review of the file, and either affirm or reverse the dismissal." *Id.* R. 11-542(f)(3), (4). "If the screening panel chair determines not to dismiss the Complaint, or the Committee chair reverses the dismissal on appeal, the Committee chair must request that the Supreme Court appoint a special counsel to . . . act as counsel for investigation . . . of the Complaint." *Id.* R. 11-542(5). After the investigation is complete, the special counsel will "notify the OPC of the results." *Id.*

¶28 Spencer, it seems, has followed that process to its finish. Indeed, the OPC claims—and Spencer does not dispute—that "Spencer . . . already submit[ted] a complaint relating to [OPC

---

[6] The Ethics and Discipline Committee is comprised of attorneys and members of the public. *Ethics & Discipline Committee*, UTAH STATE BAR, https://www.utahbar.org/ethics-discipline-committee (last visited Apr. 14, 2022). Committee members participate in screening panels, which "review, investigate, and hear informal complaints charging unethical and/or unprofessional conduct against attorneys." *Id.*

Counsel]'s conduct to the OPC and through a special prosecutor, those allegations were dismissed."

¶29 Our Rules do not permit Spencer to use the appeal of his rule 60(b) motion as a vehicle to re-litigate his allegations against OPC Counsel. Our Rules specify the process a complainant must follow to lodge a complaint and to contest that complaint's dismissal. *See id.* R. 11-501 to -591. And while we do not foreclose the ability of a complainant to argue that she should be able to use the Utah Rules of Civil Procedure to augment that process in an appropriate case, *see* UTAH R. CIV. P. 65B, we prohibit a complainant from relying on an appeal of a related motion to subvert it.

### III. FRAUD ON THE COURT CLAIMS

¶30 Spencer has not met his burden of persuasion on appeal, and we affirm on that basis. But we believe it prudent to note a misunderstanding underlying the district court's ruling that went unaddressed by the parties. We accordingly raise this issue *sua sponte* to prevent the inadvertent creation of conflict in our rule 60 case law.

¶31 Spencer filed a motion for relief under paragraph (b)(6), a catchall provision offering relief "for . . . any other reason that justifies relief." UTAH R. CIV. P. 60(b)(6). But Spencer's motion was wholly based on his allegation that OPC Counsel had committed fraud on the court. In *In re Estate of Willey*, we held that a party "cannot seek relief under rule 60(b)(6) based on an allegation of fraud on the court."[7] 2016 UT 53, ¶ 8, 391 P.3d 171.

¶32 In *Willey*, a stockholder filed a rule 60(b) motion to set aside two district court orders relating to the stockholder's interests in a

---

[7] Rule 60(b) of the Utah Rules of Civil Procedure allows a court, "[o]n motion and upon just terms," to "relieve a party or its legal representative from a judgment, order, or proceeding" for the reasons enumerated in paragraphs (b)(1) through (6). Rule 60(b) motions "must be filed within a reasonable time," and, if based on paragraphs (b)(1) through (3), "not more than 90 days after entry of the judgment or order or, if there is no judgment or order, from the date of the proceeding." UTAH R. CIV. P. 60(c). Due to "these differing times," it is important that "we . . . determine under what paragraphs [a party]'s reasons for relief fall." *In re Estate of Willey*, 2016 UT 53, ¶ 7, 391 P.3d 171.

business. *Id.* ¶ 1. The stockholder claimed relief under paragraphs (b)(4) and (6) of rule 60. *Id.* ¶ 7. While the stockholder made several arguments that rightly invoked paragraph (b)(4), "[t]he only other basis upon which [he] sought relief was fraud on the court." *Id.* ¶ 8. The *Willey* court concluded that the stockholder was unable to seek relief from fraud on the court under paragraph (b)(6). *Id.* We explained that,

> [A] motion seeking relief from a judgment based upon an allegation of fraud on the court necessarily falls under paragraph (b)(3), not paragraph (b)(6).
>
> Under the plain language of rule 60, a party seeking to be relieved from a judgment or order based upon an allegation of fraud on the court must do so under paragraph (b)(3). Motions under paragraph (b)(6), on the other hand, must be based on a reason other than those listed in paragraphs (b)(1) through (5).

*Id.* ¶ 8–9 (citing UTAH R. CIV. P. 60(b)). In other words, *Willey* instructed courts to classify a rule 60(b) motion—and assess its timeliness—by its content, not its caption. *See id.* ¶ 10 (classifying the stockholder's rule 60(b) motion into the proper subsections, (b)(3) and (4), and "proceed[ing] to determine if [he] timely filed his motion" under those subsections).

¶33 Under *Willey*, therefore, the district court should have classified Spencer's rule 60(b)(6) motion as a rule 60(b)(3) motion and assessed its timeliness accordingly. But this does not change the outcome of the case because even if the district court had properly classified Spencer's rule 60(b) motion, it would have reached the same conclusion—Spencer's motion was untimely.

¶34 All rule 60(b) motions "must be filed within a reasonable time." UTAH R. CIV. P. 60(c). Rule 60(b)(3) motions, moreover, "must be filed . . . not more than 90 days after entry of the judgment or order." *Id.* "The language of the rule is clear; a party must file a rule 60(b) motion within a reasonable time, which is within ninety days after a judgment or order is entered, if the motion is filed under paragraph[] . . . (3)." *Willey*, 2016 UT 53, ¶ 12 (footnote omitted).

¶35 Spencer filed his rule 60(b) motion more than one year after the district court entered its final Ruling and Order. This is well past

the ninety-day limit rule 60(b) imposes. The district court thus correctly denied Spencer's motion as untimely. [8]

---

[8] The parties have not questioned *Willey*, and it remains good law. But as we reread *Willey*, we note that we seem to have interpreted our rule 60 without acknowledging the line other courts have drawn between "fraud of an adverse party" and "fraud on the court" when interpreting similarly-worded rules. *See, e.g., United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167–68 (9th Cir. 2017) (emphasizing that "not all fraud is fraud on the court" (citation omitted)); *Torres v. Bella Vista Hosp., Inc.*, 914 F.3d 15, 19 (1st Cir. 2019) (defining fraud on the court as "fraud that seriously affects the integrity of the normal process of adjudication, defile[s] the court itself, and prevents the judicial machinery from performing its usual function" (alteration in original) (citation omitted) (internal quotation marks omitted)); *Fernandez v. Fernandez*, 358 P.3d 562, 566–68 (Alaska 2015) (limiting fraud on the court to fraud that "involve[s] far more than an injury to a single litigant" and "defiles the court itself" (citations omitted)); *see also* 12 JAMES WM MOORE, MOORE'S FEDERAL PRACTICE §§ 60.21[4], 60.43[1] (Matthew Bender 3d ed. 2021) (addressing the difference between fraud by an opposing party and fraud on the court). As a result, our rule may be out of step with how those jurisdictions offer relief from a judgment procured by fraud on the court. *See, e.g., McGee v. Gonyo*, 140 A.3d 162, 165 (Vt. 2016) ("[A] claim of fraud 'upon the court' is 'governed by the catch-all provision of Rule 60(b)(6).'" (citation omitted)); *accord Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009); *Sierra Pac. Indus., Inc.*, 862 F.3d at 1167 (acknowledging a party's ability to seek relief from the rendering court for fraud on the court under federal rule 60(d)(3)). We recognize that our deviation from those decisions may reflect different policy concerns. Or it may merely be an unintended consequence caused by the wording of our rule compared to that of the federal rule. *Compare* UTAH R. CIV. P. 60(d), *with* FED. R. CIV. P. 60(d); *see also United States v. Buck*, 281 F.3d 1336, 1341–42 (10th Cir. 2002) (explaining that there are two "avenues for relief from fraud upon the court" under federal rule 60(d): "[t]he first . . . is an independent action," and "[t]he second . . . is to invoke the inherent power of a court to set aside its judgment if procured by fraud upon the court"). In any event, the parties have not raised these issues, so without proper briefing, we are not in a position to address them. Rather than wait for another case to examine whether our rule 60

(continued . . .)

## CONCLUSION

¶36 Spencer claims the district court erred when it denied his rule 60(b) motion as untimely. But Spencer does not adequately address the district court's decision in his brief and thus fails to meet his burden of persuasion on appeal. We affirm the district court.

————————

properly balances finality against the need to ensure that fraud on the court can be effectively addressed, we refer the question to our Advisory Committee on the Rules of Civil Procedure.