2026 UT App 68

## THE UTAH COURT OF APPEALS

BAADSGAARD FAMILY TRUST,
Appellant,

*v.*

ROBERT J. STEVENS AND SUZANNE B. STEVENS,
Appellees.

Opinion
No. 20240921-CA
Filed April 30, 2026

Fourth District Court, Provo Department
The Honorable Thomas Low
No. 200400560

Jens P. Nielson, Attorney for Appellant

Joseph G. Ballstaedt, Attorney for Appellees

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and RYAN D. TENNEY
concurred.

ORME, Judge:

¶1      The Baadsgaard Family Trust (the Trust) and its neighbors, Robert and Suzanne Stevens, mediated the Trust's lawsuit to quiet title to a portion of the Stevenses' property, culminating in a settlement agreement that the district court later enforced. The Stevenses then moved to set aside the enforcement, arguing that the Trust had failed to disclose its recent acquisition of another adjoining parcel of property—a fact they asserted would have affected the tenor and outcome of the mediation negotiations. The court concluded that the Trust had a duty to disclose the acquisition and accordingly vacated its enforcement of the settlement agreement. On appeal, the Trust contends that the court abused its discretion in doing so. We disagree and affirm.

BACKGROUND

¶2 A longstanding fence marked the purported boundary at the north end of the Trust's property and the south end of the Stevenses' adjoining property.[1] The Trust raised hay and grazed cattle on its property up to the fenceline, though it was later discovered that this was not the correct boundary line and the Trust was using a portion of the Stevenses' property.

¶3 The Trust sued the Stevenses, seeking to quiet title to the disputed parcel under a theory of boundary by acquiescence. This claim required the Trust to show, among other things, that it occupied the disputed parcel up to the fenceline and that it and the Stevenses were "adjoining landowners . . . for a period of at least 20 years." *See B.G.T.S. Props., LLC v. Balls Bros. Farm, LLC*, 2024 UT App 37, ¶ 15, 547 P.3d 215 (quotation simplified).

¶4 In their pro se answer, the Stevenses acknowledged that the Trust's cattle had grazed on the disputed parcel. But they stated that access to the disputed parcel "through mosquito-infested tall grass . . . was neither easy nor pleasant." They further indicated that the disputed parcel was "mostly sagebrush" that provided "very little forage for animals to feed upon." They also asserted that their property had been cleared of "407,780 lbs of debris," "a third or more" of which came from the disputed parcel. And they alleged that "aerial views" of the disputed parcel showed evidence of an irrigation ditch south of the fenceline, which corresponded to the deeded boundary between the disputed parcel and the Trust's property.

¶5 The parties agreed to mediate the Trust's boundary-by-acquiescence claim and signed an agreement

---

1. The Stevenses' property includes two parcels, but for ease, we refer to them collectively as one.

outlining the terms of the mediation. One such term was a provision (the Honesty Provision) that stated,

> We agree to be honest and to completely disclose all relevant information and documents concerning this matter to the other party and the mediator. This includes all documentation that would be available through the discovery process in a normal legal proceeding. If either party fails to disclose fully and honestly, the agreement reached in mediation may be voided.

¶6     At the end of mediation, the parties signed a settlement agreement in which the Stevenses agreed to deed a portion of the disputed parcel to the Trust. Following a period of inaction by the Stevenses, the Trust filed a motion in district court to enforce the settlement agreement. The court granted the motion, concluding, among other things, that the Stevenses had made "no argument that the agreement is factually incorrect or factually unsupported, such as due to fraud or mistake of fact or mistake of law."

¶7     But unbeknownst to the court at the time it enforced the settlement agreement—and apparently unbeknownst to the Stevenses at the time of mediation—shortly before filing its complaint, the Trust had purchased another small parcel of land (the East Parcel) located between a portion of its property and a portion of the Stevenses' property. Robert Stevens later declared that, prior to mediation, he had reviewed his property and the Trust's property on "the Parcel Map Website" and believed that the East Parcel already belonged to the Trust "because when [he] clicked on the [Trust's] Parcel, it encompassed the East Parcel."

¶8     After learning that the Trust's acquisition of the East Parcel was recent, the Stevenses filed a notice of appeal from the enforcement order as well as a motion in the district court to vacate the enforcement order under rule 60(b) of the Utah Rules of Civil Procedure. In their 60(b) motion, the Stevenses argued

that they "did not enter the settlement agreement based on true and accurate facts, which were known to [the Trust] but concealed." The Stevenses claimed that the Trust's failure to disclose the recent acquisition of the East Parcel "distorted the tone and factual discussions at mediation" and that they "never would have entered into the settlement agreement had [the Trust], as it agreed in writing to do in [the Honesty Provision], acted honestly and transparently."

¶9 Specifically, the Stevenses argued that they and the mediator "were led to believe" that the Trust's cattle "would have wandered west across a common east-west boundary between" their properties and "would have crossed (if at all) into the East Parcel"—which they mistakenly believed was, at all relevant times, owned by the Trust. The Stevenses asserted that "because the border at issue was not one by 'adjoining landowners,'" the Trust's claim "for boundary by acquiescence could not succeed." Pointing to rule 60(b)(3), the Stevenses argued that the Trust's failure "to disclose the true boundary line and [the Trust's] purchase of the East Parcel after litigation began, despite agreeing in the mediation agreement to honestly disclose all relevant facts," constituted "fraud—or at a minimum—a misrepresentation." They also argued that the Trust's "failure to adhere to the Honesty Provision" warranted relief under rule 60(b)(6).

¶10 In response to the Stevenses' motion, the district court concluded that the information about the East Parcel was "material and was reasonably likely to affect both summary judgment and any mediated settlement," and the court stated, "The Trust knew about that evidence, had a duty to disclose it under the mediation agreement, and failed to do so." The court noted that although "there very well may still be a claim for boundary by acquiescence," "the absence of information that the Trust did not provide, but was required to provide, was material and did affect [the Stevenses'] beliefs regarding the viability of their defenses and their willingness to settle or not settle in

mediation." Accordingly, the court entered an order granting the Stevenses' rule 60(b) motion and vacating its enforcement order.

¶11     The Trust then filed its own rule 60(b) motion, arguing that the court should reinstate its enforcement order because the Stevenses had made "fraudulent and/or misleading statements" about the extent of their knowledge of the Trust's ownership of the East Parcel. After a hearing, the court denied the Trust's motion. The court noted the Stevenses' representation that they "were persuaded during mediation to relinquish their claims because"—"notwithstanding the ditch or historical fences that may or may not have been" on the southern border between the two properties, which "may or may not have impeded the cattle's progress from the south to the north onto the disputed parcel—"those cattle could have moved anyway from the east to the west onto that same parcel." And the court anticipated the Trust's concern about the court's consideration of what occurred during settlement discussions in the course of mediation. But the court assured the parties that it was "relying less on that representation that that's how mediation went for the Stevens than on the Stevens' own pro se answer that's on file with the Court." The court stated that the Stevenses' answer to the Trust's complaint "goes on at length about the evidence of impediments that would have prevented cattle from migrating onto the disputed parcel from the south" and made "it very clear that, in the Stevens' view at least, the occupation element could not be met going south to north." Thus, the court concluded that "reading the Stevens' answer," the ownership of the East Parcel was "highly relevant to their defenses" and the Trust "should have known that."

¶12     The district court dismissed the Trust's claims with prejudice and ordered the existing fence to be removed so the Stevenses could take full possession of the disputed parcel. And

this court eventually dismissed the Stevenses' previously filed appeal for failure to timely file their principal brief.[2]

¶13    The Trust next moved for an order voiding the court's grant of the Stevenses' rule 60(b) motion. The Trust argued that the district court lacked jurisdiction to grant the Stevenses' motion while their appeal was pending, though it noted that the district court "likely has the authority to now enter an order setting aside the parties' settlement agreement" because the appeal had since been dismissed. But the Trust claimed that the order vacating the enforcement order was "premised on erroneous factual and legal conclusions," and the Trust argued that "the Court should confirm that its prior ruling enforcing the parties' settlement agreement is reinstated and is the final adjudication of this litigation."

¶14    The district court acknowledged "that it probably did lack jurisdiction to enter" its order vacating enforcement of the settlement agreement. But the court concluded that the Stevenses' appeal only "temporarily divested" it of jurisdiction and that when the appeal was dismissed, it regained authority over the case. The court then found "that, at mediation," the Trust "persuaded the mediator, and the mediator persuaded" the Stevenses, that the Trust occupied the disputed parcel "through its boundary with" the Stevenses' property "on the east side, and no disclosure was made that another parcel, the East Parcel, separated" the Trust's and the Stevenses' properties "on that east side." The court further found that "the east boundary was squarely at issue in negotiations and mediation" and that it was

---

2. This prior appeal was taken from the district court's enforcement order, which the court later rescinded upon granting the Stevenses' motion to set the enforcement order aside. Given that action by the district court, the Stevenses' appeal had become moot, which likely explains the Stevenses' decision not to file a brief.

"somewhat not credible to believe [the Trust] did not know . . . that the East Parcel was relevant to [the Stevenses'] defense" because the Stevenses' answer "notified the [Trust] that [the Stevenses] did not believe that [the Trust's] cattle could have traversed the obstacles and land features" located in the disputed parcel. Thus, the court maintained and restated its earlier conclusion that the Trust's ownership of the East Parcel "was a fact that should have been disclosed under the" Honesty Provision.

¶15   Accordingly, the court reentered its prior order vacating enforcement of the settlement agreement. The Trust appeals.

### ISSUE AND STANDARD OF REVIEW

¶16   The Trust argues the district court erred in granting the Stevenses' rule 60(b) motion and vacating its enforcement order. "Because of the equitable nature of the rule, a district court has broad discretion to rule on a 60(b) motion." *Capital Stack UT LLC v. Reddy*, 2025 UT App 103, ¶ 11, 575 P.3d 1192 (quotation simplified), *cert. denied*, 585 P.3d 43 (Utah 2026). Accordingly, we review the court's ruling here only for an abuse of that discretion. *See id.* ¶ 10.

### ANALYSIS

¶17   Under rule 60(b) of the Utah Rules of Civil Procedure, "courts may relieve a party . . . from a judgment, order, or proceeding based on an enumerated list of reasons." *Fritsche v. Deer Valley Ridge at Silver Lake Ass'n of Unit Owners*, 2022 UT App 11, ¶ 46, 504 P.3d 761 (quotation simplified). The Stevenses asked the district court to set aside its enforcement order for two of those reasons: rule 60(b)(3), which provides relief based on a showing of "fraud . . . , misrepresentation, or other misconduct of an

opposing party," and rule 60(b)(6), which encompasses "any other reason that justifies relief."

¶18    "A litigant invoking rule 60(b)(3) must clearly substantiate the claim of fraud through clear and convincing proof, and must demonstrate that the challenged behavior substantially interfered with the aggrieved party's ability" to "fully and fairly . . . prepare for and proceed at trial." *Miner v. Miner*, 2025 UT App 64, ¶ 15, 571 P.3d 788 (quotation simplified), *cert. denied*, 574 P.3d 526 (Utah 2025). Rule 60(b)(6) is a "catch-all provision," *In re Discipline of Spencer*, 2022 UT 28, ¶ 4 n.3, 513 P.3d 759 (quotation simplified), that "embodies three requirements: First, that the reason be one *other* than those listed in subdivisions (1) through (5); second, that the reason justify relief; and third, that the motion be made within a reasonable time," *Yknot Global Ltd. v. Stellia Ltd.*, 2016 UT App 132, ¶ 14, 379 P.3d 36 (emphasis in original; quotation otherwise simplified), *cert. denied*, 387 P.3d 508 (Utah 2016). Rule 60(b)(6) "should be very cautiously and sparingly invoked by the court only in unusual and exceptional circumstances." *Id.* (quotation simplified).

¶19    "We grant broad discretion to [a] trial court's rule 60(b) rulings because most are equitable in nature, saturated with facts, and call upon judges to apply fundamental principles of fairness that do not easily lend themselves to appellate review." *Fisher v. Bybee*, 2004 UT 92, ¶ 7, 104 P.3d 1198. Thus, "[t]he outcome of rule 60(b) motions are rarely vulnerable to attack" on appeal. *Id.* Nonetheless, the Trust argues the district court abused its discretion in providing the Stevenses' relief under rule 60(b) and in vacating its enforcement order. In granting relief to the Stevenses, the district court did not specify which subsection of rule 60(b) it relied on. And the Trust's arguments on appeal do not make this distinction either. But we conclude that under either subsection, the court acted within the scope of its broad

discretion.[3] We address the Trust's arguments to the contrary in turn.

¶20    First, the Trust asserts it "had no reason to believe that the East Parcel was relevant to negotiations at mediation" because ownership of "the East Parcel does not affect" its boundary-by-acquiescence claim. This claim required the Trust to show:

> (1) a visible line marked by monuments, fences, buildings, or natural features treated as a boundary; (2) the claimant's occupation of his or her property up to the visible line such that it would give a reasonable landowner notice that the claimant is using the line as a boundary; (3) mutual acquiescence in the line as a boundary *by adjoining landowners*; (4) for a period of at least 20 years.

*B.G.T.S. Props., LLC v. Balls Bros. Farm, LLC*, 2024 UT App 37, ¶ 15, 547 P.3d 215 (emphasis added; quotation otherwise simplified). Our Supreme Court has stated that landowners are "adjoining" for purposes of such claims where their properties are "contiguous." *Bahr v. Imus*, 2011 UT 19, ¶ 38, 250 P.3d 56 (quotation simplified). *See Staker v. Ainsworth*, 785 P.2d 417, 420 (Utah 1990) (concluding that parties were shown to be "adjoining landowners" where "the various diagrams and maps before the trial court . . . all reflect[ed] that the parcels involved [were] contiguous"). And the properties must have been contiguous for at least 20 years. *See Bahr*, 2011 UT 19, ¶ 38 (stating that to satisfy the temporal element of a boundary-by-acquiescence claim, "an unbroken period of no less than twenty years must pass during which each of the other elements is continuously met").

---

3. In so stating, we recognize that rule 60(b)(6) comes into play only if none of the other subsections do. But we choose to consider the question as it has been briefed by the parties.

¶21 Under rule 401 of the Utah Rules of Evidence, evidence is relevant if "it has any tendency to make a fact" that "is of consequence in determining the action" "more or less probable than it would be without the evidence." Whether the Trust owned the East Parcel certainly affected whether it was an "adjoining landowner" whose cattle could have "occupied" the disputed parcel during the relevant 20 years. The East Parcel was nestled between the Trust's property and the Stevenses' property at the eastern boundary of the disputed parcel. And there was some quarrel about whether the Trust's cattle could have reached the disputed parcel without crossing through the East Parcel. Thus, the Trust's acquisition of the East Parcel was relevant to the Stevenses' defense to the boundary-by-acquiescence claim and absolutely should have been disclosed during mediation in accordance with the Honesty Provision, wherein the parties agreed "to be honest and to completely disclose all relevant information."

¶22 Next, the Trust argues that the Stevenses had constructive notice of its acquisition of the East Parcel through the recorded deed and their firsthand knowledge of the property. *See Lavender v. FCOI Preserve, LLC*, 2025 UT App 47, ¶ 72, 569 P.3d 1037 ("Constructive notice can include both (1) record notice which results from a record or which is imputed by the recording statutes, and (2) inquiry notice which is presumed because of the fact that a person has knowledge of certain facts which should impart to him, or lead him to, knowledge of the ultimate fact.") (quotation simplified), *cert. denied*, 570 P.3d 660 (Utah 2025). But the parties contracted over and above the constructive notice provided by the recording statutes when they signed the Honesty Provision and agreed "to be honest and to completely disclose all relevant information and documents concerning this matter," including "all documentation that would be available through the discovery process in a normal legal proceeding." It is this agreed-upon duty of full disclosure in the Honesty Provision that matters here—not the bare consequences of the recording statute.

Taking refuge behind the recording statute is not consistent with the requirements of the Honesty Provision.

¶23 Relatedly, the Trust argues that the district court's interpretation of the Honesty Provision was unreasonable, as it "would require the party with a duty to disclose to guess what is in the mind of the other party and then disclose each and every such item that would be discoverable, an impossible task." But this strikes us as rather hyperbolic here.

¶24 "The overriding principle of contractual interpretation is that the intentions of the parties are controlling." *Regal RealSource LLC v. Enlaw LLC*, 2024 UT App 95, ¶ 20, 554 P.3d 1112 (quotation simplified), *cert. denied*, 558 P.3d 89 (Utah 2024). And "the best indication of the parties' intent is the language they chose to use in the contract." *Id.* (quotation simplified). "In many cases, we need look no further than the plain language of the contract, because that language may unambiguously tell us what the parties intended." *Willow Creek Assocs. of Grantsville LLC v. Hy Barr Inc.*, 2021 UT App 116, ¶ 41, 501 P.3d 1179 (quotation simplified). Here, the parties' intention in signing the Honesty Provision could not be clearer. Again, they agreed, with our emphasis, "to be honest and to *completely disclose all relevant information* and documents concerning this matter to the other party and the mediator." And the district court rightly interpreted the Honesty Provision "in light of the reasonable expectations of the parties." *Bennion v. Stolrow*, 2024 UT 14, ¶ 17, 550 P.3d 474 (quotation simplified).

¶25 Finally, the Trust faults the district court for making "unsupportable conclusions" about the parties' confidential mediation discussions. The Trust points to the court's finding that the Trust "persuaded the mediator, and the mediator persuaded" the Stevenses, to settle based on a mistaken belief about the access to the disputed parcel. True, mediation negotiations are confidential to protect the interests of the parties. *See Reese v.*

*Tingey Constr.*, 2008 UT 7, ¶ 8, 177 P.3d 605; *id.* ¶ 14 (emphasizing that "the statutory mandate of confidentiality" in mediation "is to be carefully observed"). But the court stated that in denying the Trust's rule 60(b) motion—a ruling in which it essentially affirmed its prior grant of the Stevenses' rule 60(b) motion—that it was "relying less on that representation that that's how mediation went for the Stevens than on the Stevens' own pro se answer that's on file with the Court." We do not read the court's conclusion here as being reliant on confidential communications to which it was not privy. Nor does this conclusion appear to be dispositive of the court's ultimate determination that the Trust had a duty to disclose its recent acquisition of the East Parcel. Rather, it addresses the effect of the Trust's failure to do so.

¶26    "Ultimately, district courts not only have discretion, they have *broad* discretion with respect to rule 60(b) motions," and "showing an abuse of discretion requires more than simply disagreeing with the district court's conclusion." *Goodrich Mud Co. v. Tops Well Services, LLC*, 2023 UT App 118, ¶ 16, 537 P.3d 649 (emphasis in original; quotation otherwise simplified), *cert. denied*, 544 P.3d 456 (Utah 2024). We conclude that the district court did not abuse this broad discretion in granting the Stevenses' rule 60(b) motion and in vacating its enforcement order.

CONCLUSION

¶27    The Honesty Provision required the Trust and the Stevenses "to be honest and to completely disclose all relevant information" or risk voiding "the agreement reached in mediation." Whether the Trust owned the East Parcel was relevant to its boundary-by-acquiescence claim. But the Trust did not disclose this information during mediation. Accordingly, the district court acted reasonably in vacating its enforcement order.

Affirmed.

───────────